JOHN M. THOMAS, Appellant, *v.* GERALD V. LEARY, Doing Business as BISON CITY STATIONERS, Respondent.

Fourth Department, February 22, 1962.

*Brock, Brock, Chirlin & Zisser* (*Thomas R. Zaso* of counsel), for appellant.

*Martin A. Schnorr* and *John H. Napier* for respondent.

WILLIAMS, P. J. We are asked to review an order of Special Term which dismissed, because of legal insufficiency, an alleged cause of action claiming injuries resulting from breach of warranty.

It is alleged that the defendant, who was in the business of selling office furniture and supplies, sold a chair to a dentist; that plaintiff was employed in the dentist's office as a dental technician and that defendant knew or should have known that the chair was for the use of plaintiff; that defendant warranted to the public, including plaintiff and the dentist, that the chair was safe for normal usage and that plaintiff relied upon such warranty; that the chair was not safe and that defendant breached the warranty of " fitness and use " and

violated the Personal Property Law of the State of New York; that the chair collapsed while plaintiff was seated thereon, causing him to be injured.

The motion was made under subdivision 4 of rule 106 of the Rules of Civil Practice. Therefore, we must assume the truth of the allegations of the complaint and we must also give the plaintiff the benefit of the most favorable inferences that can reasonably be drawn therefrom. (5 Carmody-Wait, New York Practice, p. 27.)

Giving the plaintiff the beneficial construction to which he is entitled, we find that the defendant warranted an unsafe chair to be safe and sold it to plaintiff's employer knowing that the plaintiff would use it; that plaintiff relied upon such warranty and was injured because of the breach of warranty.

Although the language of the complaint does not follow the precise language of subdivision 1 of section 96 of the Personal Property Law, a fair construction leads to the conclusion that a cause of action based on implied warranty under that subdivision is intended and alleged, as well as a claim of breach of express warranty. The problem presented, however, does not depend on whether the plaintiff relies upon express or implied warranty, because the very difficult question of privity or lack thereof is present in either case as plaintiff himself was not a purchaser.

This brings us face to face with the question of whether an employee of a purchaser has a cause of action against a seller of nonfood products for damages resulting from breach of warranty. The problem is simple; the solution is difficult, as it involves questions of judicial policy, legal philosophy and the frequently considered question of whether any relaxation of a legal concept, basic and long adhered to, should be legislative or judicial.

Any discussion of this question must commence with a consideration and analysis of *Greenberg* v. *Lorenz* (9 N Y 2d 195) and the effect of that decision on the doctrine enunciated in *Chysky* v. *Drake Bros. Co.* (235 N. Y. 468); *Redmond* v. *Borden's Farm Prods. Co.* (245 N. Y. 512) and similar holdings, which formerly would have precluded a recovery for failure of privity. The opinion of Chief Judge DESMOND in the *Greenberg* case traces the development and the extension, in favor of a plaintiff, of the doctrine of privity in this State as to family or household groups and as to foodstuffs, and a repetition of that history will serve no useful purpose here. It is sufficient to say that the *Greenberg* case continues and extends a trend of liberalization. It was there held that no privity was necessary

to a recovery in an action by an infant for breach of a warranty of fitness and wholesomeness where a can of salmon had been bought by the infant's parent for use within the family group, and where the infant was injured because of dangerous inclusions in the can.

Our problem is to determine whether the *Greenberg* case looks toward a relaxation and liberalization of the doctrine of privity beyond the facts of that case. Chief Judge DESMOND has said (p. 200): "we should be cautious and take one step at a time." A decision in favor of the plaintiff seems to us to be a logical and progressive step at this time.

The Appellate Term of the Supreme Court, First Department, in *Simpson* v. *Eichenbrunner* (31 Misc 2d 958) concluded that the *Greenberg* case was authority for the principle that when the plaintiff's employer had purchased a defective machine which injured plaintiff, a cause of action for breach of warranty existed in favor of the plaintiff. We, also, are inclined to that view. There is no doubt that the doctrine of privity will be extended, sooner or later, to include employees of a purchaser. There is no good reason why it should not be so extended now.

Many of the writings and opinions for and against liberalization of the doctrine are mentioned in the *Greenberg* opinion (p. 199). There are many more. (E.g., Symposium on Products Liability, 24 Tenn. L. Rev. 923; Amram and Goodman, Some Problems in the Law of Implied Warranty, 3 Syracuse L. Rev. 259; Wilson, Products Liability, 43 Cal. L. Rev. 614; 2 Williston, Contracts [3d ed.], § 378A.)

On logic, as distinguished from an arbitrary limitation, there should be no distinction between the *Greenberg* case and the present case, merely because food and family were involved in that case and a chair and an employer-employee relationship in this. If the doctrine of strict privity, that is, answerability only to the immediate purchaser, is to be liberalized in this State and additional rights given, the distinguishing facts in these two cases seem to matter little on the basis of pure legal reasoning.

*Blessington* v. *McCrory Stores Corp.* (305 N. Y. 140) is interesting. There the plaintiff was the administrator of an infant who died when a cowboy suit he was wearing ignited. The suit was sold to the infant's mother "for the infant's use" (p. 146). The Statute of Limitations had intervened as to causes of action based on negligence. However, the first cause of action was for breach of an implied warranty of fitness. The motion to dismiss the complaint was denied. The ques-

tion of privity was before the court, but the court passed only on the question of the Statute of Limitations. This case is particularly significant because of the following statement in the *Greenberg* opinion (p. 200) : `` In *Blessington* v. *McCrory Stores Corp.* (305 N. Y. 140) we passed on a Statute of Limitations point only but we did not (as we could have under the old cases) dismiss for insufficiency a complaint which demanded damages for an infant's death when the dangerous article had been purchased by the infant's mother. There are a great many well-considered lower court decisions in this State which attest to the prevalent feeling that at least as to injured members of a buyer's family the strict privity rule is unfair and should be revised.''

Although the present theory of breach of warranty rests solely upon a breach of contractual obligation, it was originally considered tortious in nature and the theory was developed and from time to time modified by judicial pronouncements (Prosser, Law of Torts [2d ed.; 1955], p. 507).

Dean Prosser has written an extremely informative and comprehensive article dealing with the subject of privity, entitled `` The Assault Upon the Citadel '', published in volume 69 Yale Law Journal, 1960, at page 1099. He uses as his opening statement a quotation from Judge CARDOZO written as early as 1931: `` The assault upon the citadel of privity is proceeding in these days apace.'' (*Ultramares Corp.* v. *Touche*, 255 N. Y. 170, 180.) The article concedes that most of the breaches in the walls of the citadel involve food cases and that the preponderance of authority is against any relaxation of the rule of privity in other cases, and this is unquestionably so (see § 244, p. 118, 1961 Cum. Supp. 1 Williston, Sales [3d ed.]). However, exceptions are noted in cases that do not involve food. One of these is *Spence* v. *Three Rivers Bldrs. & Masonry Supply* (353 Mich. 120 [1958]), where the highest court of Michigan imposed strict liability upon a manufacturer of cinder building blocks. Also mentioned is the Florida case of *Continental Copper & Steel Inds.* v. *E. C.* `` *Red* '' *Cornelius, Inc.* (104 So. 2d 40 [Fla. App. 1958]), which dealt with an electric cable. In the Federal court for the 10th Circuit, in *Goodrich Co.* v. *Hammond* (269 F. 2d 501) the application was extended to an automobile tire. The *Spence* and *Continental* cases did not involve personal injuries. The *Goodrich* action, however, did.

The Supreme Court of California, in 1960, held that a manufacturer is liable in warranty for personal injuries received by an employee of the purchaser where an abrasive grinding

wheel exploded in the employee's face while he was using it in the course of his employment. The theory of the court was that "in view of modern industrial usage employes should be considered a member of the industrial 'family' of the employer — whether corporate or private — and to thus stand in such privity to the manufacturer as to permit the employes to be covered by warranties made to the purchaser-employer." (*Peterson* v. *Lamb Rubber Co.*, 54 Cal. 2d 339, 347; see note, 10 Buffalo L. Rev. 357.)

The Supreme Court of New Jersey also relaxed the strict principle of personal privity in favor of the injured wife of a purchaser of an automobile (*Henningsen* v. *Bloomfield Motors*, 32 N. J. 358, decided May 9, 1960, undoubtedly after Dean Prosser's article was prepared). We quote from page 413 of the opinion: "The precise issue presented is whether Mrs. Henningsen, who is not a party to their respective warranties, may claim under them. In our judgment, the principles of those cases and the supporting texts are just as proximately applicable to her situation. We are convinced that the cause of justice in this area of the law can be served only by recognizing that she is such a person who, in the reasonable contemplation of the parties to the warranty, might be expected to become a user of the automobile. Accordingly, her lack of privity does not stand in the way of prosecution of the injury suit against the defendant Chrysler."

The problem of reasonable contemplation or "reasonable foreseeability" as it is sometimes described, causes no difficulty in the present case because the complaint alleges that defendant "knew or should have known that the chair was for use of the plaintiff".

It may be, and has been, argued that any change in this area of the law should be legislative. (Concurring opinion, FROESSEL, J., *Greenberg* v. *Lorenz, supra*, p. 201.) In some States changes have been made legislatively. This has been recommended in this State (see, e.g., 1943 Report of N. Y. Law Rev. Comm., p. 409, and accompanying supporting study), but these efforts have failed. However, the requirement of privity is not mentioned in the statute, but is judicially made. (*Greenberg* v. *Lorenz, supra*, p. 200.) Furthermore, our courts have never hesitated to alter the substantive law of the State when justice so required. (*Woods* v. *Lancet*, 303 N. Y. 349; *Bing* v. *Thunig*, 2 N Y 2d 656; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170, *supra*; *Battalla* v. *State of New York*, 10 N Y 2d 237.)

By our determination we do not intend to hold that such warranty would necessarily extend to any person who might use the article involved. We are fully aware that any extension of the existing principles of privity will add to the present burden on retailers and others. The answer is that the statutory obligations now impose burdens and reasonable judicial interpretation of the statutory language must be expected. Also, the seller by choosing responsible suppliers may protect himself to some extent, at least, against claims for breach of warranty.

The order should be reversed and the motion denied.

BASTOW, HALPERN and HENRY, JJ., concur with WILLIAMS, P. J.; McCLUSKY, J., dissents and votes to affirm in the following memorandum: The problem presented here is whether the breach of the statutory obligation of an implied warranty inures to others than the purchaser or, as in food cases, to the members of the purchaser's family. The Court of Appeals in the case of *Greenberg* v. *Lorenz* (9 N Y 2d 195) extended the obligation to the members of a householder's family in the case of foods. But that court by its very language of extension was careful to limit its applicability beyond the point mentioned. If the statutory doctrine of an implied warranty is to be further extended it should be by legislative action rather than by judicial erosion of the legislative pronouncement.

Order reversed, with $25 costs and disbursements and motion denied, with $10 costs.