141 So.2d 613 (1962)
A.E. FINLEY AND ASSOCIATES, INC., A NORTH CAROLINA CORPORATION, APPELLANT,
v.
SHERMAN S. MEDLEY, APPELLEE.
Nos. 61-273 and 61-274.
District Court of Appeal of Florida, Third District.
May 29, 1962.
Rehearing Denied June 14, 1962.
Robert P. Kelley, Miami, and Martin & Martin, Lakeland, for appellant.
Nichols, Gaither, Beckham, Colson & Spence, Miami, and Alan R. Schwartz, Miami Beach, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
*614 PEARSON, TILLMAN, Chief Judge.
These two appeals were consolidated for purposes of oral argument. The first is an appeal from a final judgment in a personal injury action and the second is an appeal from a subsequently entered cost judgment in the same action. A.E. Finley and Associates, Inc. is appellant in each appeal.[1]
A.E. Finley was one of three defendants in an action brought by Sherman S. Medley for injuries sustained by Medley while working on a portable rock crusher. Medley's complaint alleged that A.E. Finley and Associates, Inc. negligently manufactured, designed or furnished the machinery which caused his injury. The Florida-Georgia Tractor Company, Inc. and Bransfield and White, Inc. were also named in the complaint as defendants. The rock crusher was sold to Medley's employer by Bransfield and White, Inc. That defendant had purchased the machine from A.E. Finley and Associates, the defendant-appellant. The defendant, Florida-Georgia Tractor Company, sold to defendant-appellant the power take-off and motor which operated the crusher.
[3] The trial court entered a summary judgment for the defendant Bransfield (distributor). Thereafter, at the close of plaintiff's case, the court directed a verdict for the defendant, Florida-Georgia Tractor Company (supplier of the power unit). Appellant, A.E. Finley and Associates, moved for a directed verdict and their motion was denied.
[4] The jury returned a verdict against the appellant and subsequently judgment was entered thereon. The judge denied the post trial motions and entered a cost judgment for $698.36 against the appellant.
[5] Appellant's primary point on appeal is that the trial court erred in refusing its motion for directed verdict upon liability. A review of the evidence in the light most favorable to the plaintiff[2] convinces us that the trial judge correctly determined that the defendant's liability was a jury question.
[6] It is unnecessary to lengthen this opinion by a full discussion of all the evidence which was properly submitted to the jury. There was evidence that the machine was improperly assembled both as to engineering design and a consideration of the reasonable safety of the operator. The accident occurred when Medley, who was attending the machine, heard the motor choking down and went on to the machine's catwalk in order to disengage the clutch. The machine failed and the drive shaft bent upward throwing an attached pulley through the wire mesh catwalk. Medley was struck and severely injured.
[7] The nature of the failure of the machine, taken in relation to the evidence of improper design and manufacture, is sufficient to provide a reasonable basis for the finding of the jury that the machine was a potentially dangerous instrument to the operator; thus making the manufacturer liable for bodily harm resulting therefrom. Matthews v. Lawnlite Co., Fla. 1956, 88 So.2d 299. The appellant as the assembler of the rock crusher is correctly considered its manufacturer. Sheward v. Virtue, 20 Cal.2d 410, 126 P.2d 345; Sieracki v. Seas Shipping Co., 149 F.2d 98 (3rd Cir.1945).
[8] We have considered appellant's points directed to the discharge from the action of its co-defendants and hold that the rulings were not inconsistent with the court's denial of the appellant's motion for directed verdict and did not affect the question of appellant's liability.
[9] Appellant's point directed to the cost judgment not having been argued was abandoned. Rule 3.7(i), Florida Appellate Rules, 31 F.S.A.
[10] Affirmed.
NOTES
[1] Note: Because of the consolidation of these two appeals, the question of the appealability of the subsequently entered cost judgment is not considered.
[2] Bourgeois v. Dade County, Fla. 1956, 99 So.2d 575, 72 A.L.R.2d 391. Mellet v. Henry, Fla.App. 1959, 108 So.2d 69.