**C. C. SANDERLIN, Appellant,**

v.

**OLD DOMINION STEVEDORING CORPORATION, Appellee.**

**No. 11211.**

United States Court of Appeals Fourth Circuit.

Argued June 2, 1967.

Decided Oct. 26, 1967.

---

Sidney H. Kelsey, Norfolk, Va. (Kelsey & Rabinowitz, Norfolk, Va., on brief), for appellant.

Walter B. Martin, Jr., Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellee.

Before SOBELOFF, BOREMAN and CRAVEN, Circuit Judges.

SOBELOFF, Circuit Judge:

■ Sanderlin, a cargo checker employed by States Marine-Isthmian Agency, Incorporated (SMI), sustained fractures of both legs when struck by a forklift tow motor, negligently operated by an employee of Old Dominion Stevedore Corporation (Old Dominion), respondent herein. At the time of the injury, the stevedoring concern was

servicing one of SMI's vessels[1] and Sanderlin was on the pier discharging his duties. Basing his cause of action on the breach of an express warranty in the stevedoring contract between SMI and Old Dominion, Sanderlin brought this suit in admiralty in the United States District Court for the Eastern District of Virginia. The court dismissed the libel for lack of jurisdiction and entered judgment for the respondent. We reverse and remand.

■ Maritime jurisdiction when founded upon contract depends upon the nature and subject matter of the contract. North Pacific S. S. v. Hall Bros. Co., 249 U.S. 119, 39 S.Ct. 221, 63 L.Ed. 510 (1919). The contract sued on here provides in pertinent part:

"It is mutually agreed between SMI and the Stevedore that the Stevedore will load and/or discharge in a safe, proper and workmanlike manner with all possible dispatch cargoes of vessels for which SMI acts as agent in the port named * * *."

Since it is well-settled that a stevedoring contract is maritime in nature and governed by general maritime principles, American Stevedore v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947), the question in this case is not, as formulated below, whether admiralty has jurisdiction over this action for pier-side personal injuries. Rather, given a concededly maritime contract, the issue for determination is whether the substantive laws of admiralty permit a shipowner's employee of this type to recover directly on the contract from a stevedoring company which has expressly warranted a "safe, proper and workmanlike" performance. Had this action sounded in tort, the locale of the injury would have been jurisdictionally dispositive. See, e. g., Hastings v. Mann, 340 F.2d 910 (4th Cir.), cert. denied, 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed.2d 153 (1965). However, as the Supreme Court has

observed, the "action is not changed from one for a breach of contract to tort simply because recovery may turn upon the standard of the performance of [the] stevedoring service." Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 134, 76 S.Ct. 232, 237, 100 L.Ed. 133 (1956). That the injury occurred on the pier is therefore of no relevance here.

■ The warranty of workmanlike service is basic to the stevedoring contract. Repeatedly, the Supreme Court has analogized the stevedore's warranty to that of a manufacturer, who expressly or impliedly guarantees the fitness of his product for normal use. See Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., supra at 133–134, 76 S.Ct. 232; Crumady v. Joachim Hendrik Fisser, 358 U.S. 423, 428–429, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959); Italia Societa v. Oregon Stevedoring Co., 376 U.S. 315, 318–319, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964). Consequently, the developing jurisprudence of the stevedore's warranty directly parallels the burgeoning law of manufacturers' product liability. In *Ryan*, the Supreme Court held that even in the absence of an express agreement, the stevedore had impliedly warranted the quality of his services and was obligated to idemnify the shipowner for any damages sustained as a result of a breach of the warranty. The recent case of *Italia Societa* indicates that the standard of strict liability governs the stevedore's warranty as it does the manufacturer's warranty. Finally, the Supreme Court has made it clear that the warranty extends beyond the immediate contracting parties and encompasses foreseeable third parties. In *Crumady*, the charterer had entered into the servicing agreement with the stevedore, but it was the vessel rather than the charterer which was awarded indemnification on account of the warranty. In reaching this result, the Supreme

1. A factual dispute was raised in the briefs as to whether the boat being loaded by Old Dominion was owned or operated by SMI. Because we are reviewing a dismissal on the pleadings, we assume that all factual allegations in the libel are true.

Court cited MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (1916), the celebrated Cardozo opinion holding that a manufacturer's warranty extends beyond the immediate purchaser to all foreseeable victims of a breach. Similarly, the Second Circuit, when dealing with the scope of the stevedore's warranty, observed, "the zone of responsibility may extend beyond those in direct contractual relationship." De-Gioia v. United States Line Company, 2 Cir., 304 F.2d 421, 425 (1963).

 In determining that Sanderlin comes within this expanded "zone of responsibility," we are guided primarily by the rationale of Seas Shipping Co. v. Sieracki, 328 U.S. 878, 66 S.Ct. 872, 90 L.Ed. 1116 (1946), which extended an analogous maritime warranty, and by the trend of the recent products' liability case law in this country. *Sieracki* held that the warranty of seaworthiness, traditionally owing from a shipowner to his seamen, comprehends a longshoreman injured while loading and unloading a ship. The decision was premised upon two considerations—admiralty's beneficent protection of those who endure the risks and hazards of marine employment and the proper allocation of losses to the enterprise most capable of minimizing the risks and bearing the financial burden. These considerations are no less compelling in the instant case.

Sanderlin's duties as a cargo checker required him to go aboard his employer's ships and to descend into the hatches and holds to determine whether the stevedore was properly loading or unloading the cargo. His work was done interchangeably aboard ship and on the pier. In fact, Sanderlin had just come off the ship when he was struck from behind as he attended his duties on the pier. As a cargo checker, he was exposed to the same type of risks and hazards as impelled the Supreme Court in *Sieracki* to extend the strict liability of seaworthiness to longshoremen. By a parity of reasoning, the cargo checker should be within the ambit of the strict liability inhering in the stevedore's warranty.

There can be no doubt that the stevedore is the appropriate enterprise within the maritime industry to bear the cost of this accident. Yet respondent argues that the only way it may be held liable in the admiralty courts is for Sanderlin to sue his employer, the shipowner, for the unseaworthiness resulting from improper stevedoring by Old Dominion and then for his employer to seek indemnification from Old Dominion.[2] This strikes us as needless and undesirable circuity. See W. R. Grace & Co. v. Charleston Lighterage & Transfer Co., 193 F.2d 539, 544 (4th Cir. 1952), citing Judge Learned Hand in Cannella v. Lykes Bros. S. S. Co., 174 F.2d 794, 796 (2d Cir. 1949).

Our conclusion is further buttressed by an impressive array of recent state court decisions permitting employees to recover directly on a warranty running from the manufacturer to the employer-purchaser. The first such recovery was allowed in 1960 in the California case of Peterson v. Lamb Rubber Co., 54 Cal.2d 339, 5 Cal.Rptr. 863, 353 P.2d 575. Since then nine other jurisdictions have considered this precise issue and all have decided in favor of the plaintiff-employee.[3] Significantly, we have found no

---

2. We assume, without the necessity of deciding the issue, that Sanderlin, an employee of the ship, could have prevailed had he sued the ship for unseaworthiness because of the negligently performed stevedoring. See Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1962). Equipment used in the stevedoring operation, whether aboard ship or on the pier, is an appurtenance of the ship, and the ship has a non-delegable duty to see that the loading and unloading are done properly. See, e. g., Spann v. Lauritzen, 344 F.2d 204 (3rd Cir.), cert. denied, 382 U.S. 938, 86 S.Ct. 386, 15 L. Ed.2d 348 (1965) and Huff v. Matson Navigation Co., 338 F.2d 205 (9th Cir. 1964), cert. denied, 380 U.S. 943, 85 S.Ct. 1026, 13 L.Ed.2d 963 (1965).

3. See Delta Oxygen Co. v. Scott, 238 Ark. 434, 383 S.W.2d 885 (1964); Connolly v. Hagi, 24 Conn.Sup. 198, 188 A.2d 884

state case since *Peterson* which has reached a contrary result. Indicative of the mood of these decisions is this assertion by New York's Appellate Division:

"There is no doubt that the doctrine of privity will be extended sooner or later, to include employees of the purchaser. There is no good reason why it should not be so extended now."

Thomas v. Leary, 15 A.D.2d 438, 441, 225 N.Y.S.2d 137, 140 (1962). Nor is the trend limited to our common law courts. At least three recent lower admiralty court decisions have permitted employees injured by defective products to sue manufacturers on warranties running ostensibly to the employers. Sevits v. McKiernan-Terry Corp., 264 F.Supp. 810 (S.D.N.Y.1966); Montgomery v. Goodyear Tire & Rubber Co., 231 F.Supp. 447 (S.D.N.Y.1964); Middleton v. United Aircraft Corp., 204 F. Supp. 856 (S.D.N.Y.1960).

Despite divergent legal theories, the cases allowing employee suits in these circumstances are predicated upon the realization that when \a manufacturer sells a product for use in an employer's business, the seller is aware that\ it is an employee who will invariably use or be affected by the product.\ The same element of foreseeability is present here. The stevedore who makes the warranty to the shipowner cannot escape the knowledge that if his performance is defective, it is the maritime employees of the shipowner who are likely to suffer. We therefore hold that the cargo checker, a foreseeable victim of a breach of the stevedore's warranty, may maintain a suit in admiralty to recover on that warranty.

The judgment of the District Court is reversed and the case remanded for trial.

Reversed and remanded.

(1963); Dagley v. Armstrong Rubber Co., 344 F.2d 245 (7th Cir. [Ind.] 1965); Wagner v. Larson, 257 Iowa 1202, 136 N.W.2d 312 (1965); Hill v. Harbor Steel and Supply Corp., 374 Mich. 194, 132 N.W.2d 54 (1965); Cintrone v. Hertz Truck Leasing & Rental Service, 45 N.J.

434, 212 A.2d 769 (1965); Williams v. Union Carbide Corp., 17 A.D.2d 661, 230 N.Y.S.2d 476 (1962); Lonzrick v. Republic Steel Corp., 1 Ohio App.2d 374, 205 N.E.2d 92 (1965); Brewer v. Oriard Powder Co., 66 Wash.2d 187, 401 P.2d 844 (1965).