**Gerard J. CASEY, Plaintiff,**

v.

**CALIFORNIA STEVEDORE AND BALLAST CO., a corporation, Defendant.**

**No. 47219.**

United States District Court
N. D. California.

Aug. 21, 1968.

Robert E. Patmont, San Francisco, Cal., for plaintiff.

John A. Binkley, San Francisco, Cal., for intervenor.

Cooper, White & Cooper, San Francisco, Cal., for defendant.

### ORDER DENYING MOTION TO DISMISS

OLIVER J. CARTER, District Judge.

Plaintiff has brought an action in admiralty against California Stevedore and Ballast Co. for damages suffered when he was struck by a forklift truck operated by defendant. The injury occurred in a shed on a pier which was permanently affixed to the underlying land. At the time of the injury plaintiff was employed by Pacific Far East Lines, Inc. as a ship's clerk, whose duty at that time was checking cargo onto a ship owned by his employer and being loaded by the defendant.

Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction in this Court, on the theory that since the injury occurred on the pier in the shed, it did not happen on navigable waters and therefore the claim

for relief is not within this Court's admiralty jurisdiction.

Plaintiff's first complaint was dismissed by this Court previously, with leave to amend, for the following reasons: The injury did not occur on navigable waters; there was no allegation that the injury was caused by a vessel on navigable waters; plaintiff did not seek recovery on the theory of unseaworthiness of the vessel; and plaintiff made no allegation that he was either a seaman or performing seaman's duties so as to bring himself within the Jones Act.

Subsequently plaintiff filed an amended complaint and defendant moved to dismiss the amended complaint; it is this motion which is presently before the Court. Defendant contends that plaintiff's amended complaint contains nothing to take it outside the previous order dismissing the complaint. This is not true. The paragraph quoted below has been added, and it alleges the existence of a stevedoring contract between defendant and plaintiff's employer.

"* * * California Stevedore and Ballast Co., was in charge and control of certain stevedoring operations being performed under independent contract with [Pacific Far East Lines, Inc.] * * *" Paragraph IV of plaintiff's first amended complaint.

Although plaintiff's complaint apparently attempts to state a claim under the Jones Act, which it does not and cannot do, it does state facts upon which a claim for relief can be granted under a theory of breach of defendant's warranty to Pacific Far East Lines, Inc. to perform its stevedoring contract in a safe and workmanlike manner, and the duty thereby owed to plaintiff as an employee of Pacific Far East Lines, Inc. A claim for relief with identical facts was upheld on this theory under this Court's admiralty jurisdiction in Sanderlin v. Old Dominion Stevedoring Corp., 385 F.2d 79 (4th Cir. 1967). There is no holding directly on point to the contrary of the Sanderlin case, supra, by the Court of Appeals for the Ninth Circuit, and this Court is persuaded by the authorities cited and the logic in the Sanderlin opinion.

Defendant's argument that plaintiff's amended complaint sounds in tort and therefore must be tested under the locale of the injury rule, places too much emphasis on pleading technicalities. Plaintiff's change in theory cannot cause any significant prejudice to defendant. While plaintiff's complaint is barely sufficient in its allegations concerning the stevedoring contract, this can be cleared up in the pretrial order.

Accordingly, it is ordered that defendant's motion to dismiss be, and the same is hereby denied.