James R. SPEARING, Plaintiff,

v.

MANHATTAN OIL TRANSPORTATION CORPORATION, Defendant and Third-Party Plaintiff.

HUDSON TANK STORAGE CO., Inc., Defendant.

v.

HUDSON TANK STORAGE COMPANY, Third-Party Defendant.

No. 69 Civ. 484.

United States District Court,
S. D. New York.

Sept. 28, 1970.

Sylvia Miller, New York City, for plaintiff; Chester A. Hahn, New York City, of counsel.

Alexander, Ash, Schwartz & Cohen, New York City, for defendant and third-party plaintiff; Sidney A. Schwartz, Irwin H. Haut, New York City, of counsel.

J. Robert Morris, New York City, for defendant and third-party defendant; John J. Bradbury, Long Island, N.Y., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, a citizen of New Jersey, employed by defendant Manhattan Oil Transportation Corporation (Manhattan), a New York corporation, as barge captain on Manhattan's barge, the "BETTY. K", is suing for personal injuries he sustained on the premises of Hudson Tank Storage Co., Inc. (Hudson), a New Jersey corporation, on September 10, 1968. On that day, the "BETTY K" was secured to a pier controlled and maintained by Hudson in Weehawken, New Jersey, and pursuant to an agreement between Hudson and Manhattan, the "BETTY K" was discharging oil into Hudson's tanks. Plaintiff alleges in his complaint that he proceeded onto the pier by way of a catwalk, which he alleges was defective because of a missing metal plate, and that as a result he slipped and fell, causing him to suffer personal injuries.

Plaintiff instituted this action against Manhattan, his employer—under general maritime law and the Jones Act, by virtue of Manhattan's alleged negligence and the alleged unseaworthiness of the "BETTY K" in that it did not have drinking water aboard, necessitating plaintiff's excursion ashore to fill two empty water bottles—and against Hudson—under general maritime law by virtue of the alleged defective catwalk. Service was effected on Hudson on March 5, 1969, by delivery of the summons and complaint to Hudson's President in Weehawken, New Jersey.

Manhattan served its answer to plaintiff's complaint on January 27, 1970, in which it set forth a cross-claim for indemnity against Hudson. On that same day, Manhattan instituted a third-party action against Hudson, alleging that Hudson was responsible for any damages recovered by plaintiff against Manhattan, and the third-party summons and complaint were served on Hudson's President on February 19, 1970 in Weehawken.

In its answer to plantiff's complaint, Hudson's second and third affirmative defenses allege improper service, lack of diversity of citizenship, and lack of jurisdiction under the Jones Act or general maritime law. In its answers to Manhattan's cross-complaint and third-party complaint, Hudson's first affirmative defenses allege that plaintiff's service upon Hudson was invalid, and gave the court no jurisdiction over Hudson, so that service of Manhattan's cross-complaint and third-party complaint was invalid; and that service of the third-party complaint was without leave of the court and therefore not in compliance with Rule 14, F.R.Civ.P.

Hudson moves, pursuant to Rule 12(c) and Rule 56, F.R.Civ.P., for an order (1) dismissing plaintiff's complaint as

against Hudson for lack of jurisdiction by reason of improper service, lack of diversity of citizenship, and lack of jurisdiction under the Jones Act or general maritime law; and (2) dismissing Manhattan's cross-complaint and third-party complaint against Hudson for lack of jurisdiction by reason of improper service and their legal insufficiency for causes of action for indemnity.

Plaintiff cross-moves pursuant to Rule 12(c) and Rule 56, F.R.Civ.P., for an order striking Hudson's second and third affirmative defenses.

Manhattan moves pursuant to Rule 12(f), F.R.Civ.P., for an order striking as insufficient Hudson's first affirmative defense to Manhattan's third-party complaint.

The issue raised by these motions is whether plaintiff states an admiralty and maritime claim against Hudson under Rule 9(h), F.R.Civ.P. If he does, then pursuant to Rule 14(c), F.R.Civ.P., Manhattan, by serving a third-party complaint on Hudson which demands judgment in favor of plaintiff, has asserted claims on both its own and plaintiff's behalf.* If he does not, the court has no jurisdiction over Hudson because there is no diversity of citizenship between plaintiff and Hudson.

Plaintiff asserts that there is maritime jurisdiction because Hudson and Manhattan had an agreement whereby Manhattan would deliver oil to Hudson in Weehawken, and that plaintiff went ashore both for the purpose of getting drinking water and to obtain instructions as to the discharge of the oil.

Hudson contends that it has no admiralty or maritime connection with plaintiff, and that plaintiff is asserting only a common-law negligence claim as to which, absent diversity, this court has no jurisdiction.

Whatever the precise status of the contractual relationship between Hudson and Manhattan, a determination of whether plaintiff states an admiralty or maritime claim against Hudson depends on an issue of fact as to whether at the time of his accident plaintiff was "engaged in performing ship services related to the * * * contract [between Hudson and Manhattan]"—see, Di Paola v. International Terminal Operating Co., 311 F.Supp. 685, 687 (S.D.N.Y.1970). If he was, Hudson's implied warranty of workmanlike service to Manhattan as Manhattan's stevedore, Hartnett v. Reiss Steamship Company, 421 F.2d 1011, 1016 (2d Cir.1970), extends to plaintiff —see, Sanderlin v. Old Dominion Stevedoring Corp., 385 F.2d 79 (4th Cir. 1967); Hartnett v. Reiss Steamship Company, supra; and La Capria v. Compagnie Maritime Belge, 427 F.2d 244 (2d Cir.1970)—and the court has jurisdiction with respect to both plaintiff's action and Manhattan's third-party action.

This issue of fact cannot be resolved on these motions. In his complaint, plaintiff alleges that he went onto Hudson's pier to get drinking water. In his affidavit in opposition to Hudson's motion to dismiss the complaint, he asserts that "deponent and his mate pumped the oil of one type into the tanks specified by HUDSON," that he awaited instructions for the discharge of the other oil cargo, and then went ashore on "business related to delivery of the oil to HUDSON," and that "as long as deponent was required to go ashore for instructions on the delivery of the oil, he took some bottles to be filled with water." In his reply affidavit in support of his motion to strike Hudson's affirm-

---

* Service of the third-party summons and complaint was made in Weehawken, New Jersey, which is concededly within 100 miles of the United States Courthouse in the Southern District of New York, so that service would be valid pursuant to Rule 4(f), F.R.Civ.P. While Hudson contends that service of the third-party complaint was invalid because it was made without leave of the court, Rule 14 (a), F.R.Civ.P., provides that service may be made without leave if the third-party complaint is filed within ten days after service of the answer, and in this case, Manhattan's third-party complaint was filed on the same day as the answer.

ative defenses, he alleges that he went ashore because it was necessary for him to determine when discharge would be completed in order to advise Manhattan's tug when to return.

Jurisdiction will depend on whether plaintiff proves at trial that he went ashore in the barge's service related to the stevedoring contract.

Accordingly, plaintiff's, Hudson's, and Manhattan's motions are denied without prejudice to renewal before the trial judge.

It is so ordered.