■ LEON DICKEY et al., Respondents, v LOCKPORT PRESTRESS, INC., Appellant, et al., Defendants. (Appeal No. 1.)—Order unanimously reversed, without costs, and third and fourth causes of action dismissed in accordance with the following memorandum: In these two actions the plaintiffs allege that on July 22, 1975 Eugene McClain and Leon Dickey were employed by Rochester Floors, Inc., a subcontractor engaged in installing concrete products of defendant Lockport Prestress, Inc., in the construction of a new school; that Eugene McClain suffered fatal injuries and Leon Dickey suffered severe personal injuries when defendant's concrete products failed and they fell to the ground. Plaintiffs allege causes of action in negligence, strict products liability and breach of warranty, the latter two combined in the third and fourth causes of action. Defendant Lockport moves to dismiss these third and fourth causes of action. It concedes that the strict liability cause of action may stand, if properly pleaded, but maintains that unless plaintiffs are able to satisfy the requirements of section 2-318 of the Uniform Commercial Code, it may not seek to recover on the theory of breach of implied warranty of fitness and merchantability and also on the theory of strict products liability in tort inasmuch as the two theories are, in effect, the same cause of action (see *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395). At the time of the accident section 2-318 of the Uniform Commercial Code provided a right of recovery for breach of warranty to family members and household guests of the buyer, and concededly this claim may not be maintained under the statute as it then existed (the section has been broadened by the amendment effective Sept. 1, 1975, L 1975, ch 774). However, the statute is not the exclusive source of warranty liability (see Uniform Commercial Code, § 2-318, Official Comment 3; and see *Mendel v Pittsburgh Plate Glass Co.,* 25 NY2d 340, dissent, Breitel, J., p 352). Thus, it was that the rule of strict products liability, first stated definitively in *Codling v Paglia* (32 NY2d 330), developed gradually as an

extension of the implied warranty liability for remote users (see *Goldberg v Kollsman Instrument Corp.,* 12 NY2d 432; *Randy Knitwear v American Cyanamid Co.,* 11 NY2d 5; *Greenberg v Lorenz,* 9 NY2d 195). But as those cases suggested, and *Codling v Paglia (supra)* made clear, the strict liability rule which followed was a remedy in products liability litigation which was in substitution for, not in addition to a cause of action grounded on implied warranty by a remote user. Upon appropriate facts, a plaintiff may plead negligence, contract, either express or implied, and strict products liability. But strict products liability and liability to a remote user based on implied warranty are one and the same cause of action, the former having replaced the latter by the evolutionary decisions of the Court of Appeals (see *Micallef v Miehle Co.,* 39 NY2d 376; *Victorson v Bock Laundry Mach. Co., supra,* pp 400–402; *Velez v Crane & Clark Lbr. Corp.,* 33 NY2d 117; *Codling v Paglia, supra).* Inasmuch as plaintiffs' causes of action for breach of warranty fail to satisfy the requirements of section 2-318 of the Uniform Commercial Code as it existed at the time of the accident, the order in each action is reversed and the third and fourth causes of action in each complaint are dismissed, with leave to plaintiffs to replead causes of action in strict products liability. (Appeal from order of Monroe Supreme Court—dismiss causes of action.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.