Stephen L. BEST, as Administrator of The Estate of Joseph Clifford Dietrich, Deceased, Plaintiff,

v.

HONEYWELL, INC., Defendant.

SIKORSKY AIRCRAFT DIVISION, UNITED TECHNOLOGIES CORPORATION, Defendant and Third-Party Plaintiff,

v.

HONEYWELL, INC., Third-Party Defendant.

Civ. No. B–74–197.

United States District Court, D. Connecticut.

May 5, 1980.

Theodore I. Koskoff, Koskoff, Koskoff & Bieder, Bridgeport, Conn., Milton G. Sincoff, Steven Earl Anderson, pro hac vice, Kreindler & Kreindler, New York City, for plaintiff.

Shaun S. Sullivan, Patrick Noonan, Wiggin & Dana, New Haven, Conn., for defendant and third-party plaintiff Sikorsky Div., United Aircraft.

Arnold J. Bai, Karen L. Karpie, Bai, Pollock & Dunnigan, Bridgeport, Conn., for defendant and third-party defendant Honeywell, Inc.

### RULING ON DEFENDANTS' MOTION FOR A DIRECTED VERDICT

EGINTON, District Judge.

This is an action in admiralty for wrongful death damages brought under the Death on the High Seas Act (DOHSA), 46 U.S.C. § 761 et seq., for the drowning death of Joseph Clifford Dietrich as the result of a helicopter crash in May, 1973. Plaintiff, Stephen Best, proceeds under DOHSA on three theories of liability: negligence, strict liability and breach of warranties.

The defendants, United Technologies Corporation (UTC), successor to the manufacturer of the helicopter and Honeywell (Honeywell), manufacturer of the radar altimeter, have moved for a directed verdict on Counts 3 and 4 of the complaint insofar as they attempt to state a cause of action for breach of warranty. Defendants argue that plaintiff's decedent was not in privity of contract with the defendants, allegedly as required by Connecticut law for recovery on a breach of warranty. In opposing the motion, plaintiff argues that federal maritime law and not Connecticut law applies under DOHSA and that federal law has abolished the privity requirement in admiralty actions. Therefore, he concludes, the court should charge the jury on Counts 3 and 4 in their entirety.

Analysis of the defendants' motion presents the court with the question, first, of whether any contract-based warranty claim is cognizable in this case and second, whether a tort-based theory can be pursued in addition to a strict liability theory.

This court acknowledges that federal maritime law applies to *this* DOHSA action, and recognizes the abolition of privity in all admiralty actions based on breach of warranty. However, this court concludes that it lacks subject matter jurisdiction over the contractual breach of warranty claims and that tort-based breach of implied warranty is duplicitous of strict liability. The jury will, therefore, not be charged on any breach of warranty theory.

### I

The Death on the High Seas Act creates a right of action in the survivors of one whose death is caused "by wrongful act, neglect or default occurring on the high seas . . .." It permits a representative of the decedent to bring an action in admiralty to recover pecuniary losses from the person who would have been liable had the decedent lived. Since DOHSA merely authorizes an admiralty action, a party proceeding under DOHSA must allege a theory of recovery cognizable by a court sitting in admiralty jurisdiction.

The admiralty has jurisdiction over any tort occurring on navigable waters and over any dispute involving a "maritime" contract. 7A Moore, *Federal Practice*, ¶s .325[1], .325[2], .225. In this case, the court clearly has admiralty jurisdiction over the tort-based theories of recovery (negligence, strict liability, tortious breach of implied warranty) since the helicopter carrying the decedent crashed on navigable waters, within admiralty jurisdiction. It is equally apparent, however, that this court lacks admiralty jurisdiction over the contracts to manufacture the helicopter and its component parts, which provide a contractual basis for a claim of breach of express and/or implied warranty. Admiralty jurisdiction over a contract depends primarily upon the subject matter of the contract and generally does not extend to a contract to build a vessel. 7A Moore, *Federal Practice* ¶ .241[1]. *See Streatch v. Associated Container Transportation, Ltd.*, 388 F.Supp. 935, 938 (C.D.Calif.1975); *Montgomery v. Goodyear Tire and Rubber*, 231 F.Supp. 447, 453 (S.D.N.Y.1964). Since the contracts here provided only for the manufacture of an aircraft, this court lacks admiralty jurisdiction over any contract-based breach of warranty claim and therefore will not instruct the jury on such theories. *See Littlehale v. E. I. duPont de Nemours & Co.*, 268 F.Supp. 791, 797 n.9 (S.D.N.Y.1966).

Such theories could appropriately be raised in a state wrongful death action and could be heard by a federal court possessing diversity jurisdiction. *Jennings v. Goodyear Aircraft Corp.*, 227 F.Supp. 246 (D.Del. 1964). Although this court has diversity jurisdiction, plaintiff brings his action under DOHSA alone, and indeed, may have been limited to DOHSA since the death occurred outside the territorial United States. This court does not have the admiralty jurisdiction necessary under DOHSA to entertain a contract-based breach of warranty claim.

This holding is wholly in keeping with established law. With but one exception, the cases cited by plaintiff for the proposition that admiralty permits recovery on a breach of warranty theory, absent privity of contract, involve an implied breach of warranty sounding in tort. *See, e. g., Streatch v. Associated Container Transportation, Ltd., supra*, 388 F.Supp. at 938; *Sears, Roebuck and Co. v. American President Lines, Ltd.*, 345 F.Supp. 395 (N.D.Calif. 1971); *Soileau v. Nicklos Drilling Co.*, 302 F.Supp. 119 (W.D.La.1969); *Montgomery v. Goodyear Tire and Rubber, supra*. Only *Sanderlin v. Old Dominion Stevedoring Corp.*, 385 F.2d 79 (4th Cir. 1967) involves a contractual breach of warranty claim. In *Sanderlin* the Fourth circuit permitted the employee of one of the parties to a stevedoring contact to recover for injuries on a breach of express warranty. *Sanderlin*, however, involved a maritime contract, subject to admiralty jurisdiction, and thus is inapposite to the facts of this case.

In light of the holding that this court lacks jurisdiction over a contract-based warranty claim, it is unnecessary for the court to address the question of the privity required by applicable law, raised by the parties in their briefs.

## II

Although this court lacks jurisdiction to hear this case on a *contract*-based warranty theory, there would be no jurisdictional bar to a tort-based breach of implied warranty action. As plaintiff points out in his brief, there is considerable authority supporting the jurisdiction of an admiralty court in a DOHSA action to hear a claim based on a tortious breach of implied warranty. *See, e. g., Krause v. Sud-Aviation*, 301 F.Supp. 513 (S.D.N.Y.1968); *Montgomery v. Goodyear Tire and Rubber, supra; Middlleton v. UAC*, 204 F.Supp. 856 (S.D.N.Y.1960). *See also, Streatch v. Associated Container Transportation, Ltd., supra*, 388 F.Supp. at 938. *But cf. Jennings v. Goodyear Aircraft, supra; Noel v. UAC*, 204 F.Supp. 929 (D.Del.1962). These cases, however, all arose during the infancy of products liability, at a time when courts were struggling to rationalize a recovery which seemed just, but which did not easily fit into the old theories of tort liability. It is now apparent that the early and ill-defined notion of a tortious breach of im-

plied warranty of fitness has evolved into the doctrine of strict liability as delineated by § 402A of the Restatement Second, Torts.

In more recent decisions, courts sitting in admiralty have recognized the equivalence of the tortious breach of warranty and strict liability theories of products liability and have opted for strict liability, as defined by § 402A. *Soileau v. Nicklos Drilling Co., supra.* The development of these theories of products liability suggests that the adoption of strict liability in admiralty has been in substitution for, and not in addition to, a cause of action based on a breach of implied warranty. To plead or to charge both strict liability and tortious breach of warranty would be duplicitous. This court, therefore, holds, with the majority of courts which have addressed this question in the state law context, that plaintiff may proceed only on negligence and strict liability theories. *See Hoppe v. Midwest Conveyor Company, Inc.,* 485 F.2d 1196, 1199 n.la (8th Cir. 1973); *Neofes v. Robertshaw Controls Co.,* 409 F.Supp. 1376 (S.D.Ind.1976); *Withers v. Sterling Drug, Inc.,* 319 F.Supp. 878 (S.D.Ind.1970); *Dickey v. Lockport Prestress, Inc.,* 52 A.D.2d 1075, 384 N.Y.S.2d 609 (4th Dept. 1976).

It is SO ORDERED.