498 So.2d 528 (1986)
Efrem JOHNSON, Appellant,
v.
SUPRO CORPORATION, Appellee.
No. 86-1022.
District Court of Appeal of Florida, Third District.
November 18, 1986.
Rehearing Denied December 23, 1986.
Gene Flinn, Miami, Kenneth Cohen, Hollywood, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellee.
Before SCHWARTZ, C.J. and HUBBART and BASKIN, JJ.
SCHWARTZ, Chief Judge.
In 1970, the defendant Supro Corporation, which was engaged in manufacturing dry wall products in Orlando, added a platform and grating to a piece of machinery called a "ribbon blender" it had purchased in 1966. In 1976, Supro sold its entire Florida operation  including the blender, which it had continued to use without incident  to a competitor, FRM, Inc.[1] That company installed the blender in its Fort Lauderdale plant where, on July 1, 1984, one of its employees, the plaintiff Johnson, fell from the grating and was injured. Alleging that the accident had been caused by defects in the changes in the equipment it made in 1970, Johnson sued Supro on claims of negligent manufacture, breach of implied warranty, and strict liability. He now appeals from a summary judgment in the defendant's favor. We affirm.
Even though Supro may be regarded for some purposes as the "assembler" and therefore the "manufacturer" of the piece of equipment it rebuilt, see A.E. Finley & Associates, Inc. v. Medley, 141 So.2d 613 (Fla. 3d DCA 1962), cert. denied, 148 So.2d 279 (Fla. 1962), it cannot be held liable in this case even if the adaptation had been improperly effected. This is because every theory of products liability inuring to the benefit of third persons like Johnson  from that of negligent manufacture which effectively *529 originated in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (1916), through breach of implied warranty, see Toombs v. Fort Pierce Gas Co., 208 So.2d 615 (Fla. 1968), to and including the strict liability doctrine of section 402A of the Restatement of Torts as adopted in Florida by West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976)  is based on the essential requirement that the responsible party is in the business of and gains profits from distributing or disposing of the "product" in question through the stream of commerce. See West v. Caterpillar Tractor Co., 336 So.2d at 86 ("The manufacturer, by placing on the market a potentially dangerous product for use and consumption and by inducement and promotion encouraging the use of these products, thereby undertakes a certain and special responsibility toward the consuming public who may be injured by it."); Bevard v. Ajax Manufacturing Co., 473 F. Supp. 35 (E.D.Mich. 1979) (only "merchant" subject to claim for breach of implied warranty). See generally Keith v. Russell T. Bundy & Associates, Inc., 495 So.2d 1223 (1986) and cases cited.
It is clear that Supro does not fall within this rule. It was in the business of manufacturing dry wall products with the machine which it adapted for that very use and purpose; it was decidedly not in the business of manufacturing and distributing the machine itself. Furthermore, the one-time sale of its entire operation, which happened to include the ribbon blender, cannot render it liable to Johnson any more than a homeowner who incorrectly installs a built-in dishwasher may be held responsible as a "manufacturer" to a subsequent purchaser of the home. See Barry v. Stevens Equipment Co., 176 Ga. App. 27, 335 S.E.2d 129 (1985) (repairer hired by owner of used shearing machine was not a manufacturer strictly liable in tort for injuries sustained from the use of machine, even though repairer completely rebuilt machine; although repairer assembled component parts, it did not do so for purpose of selling machine as new property); see also Bruce v. Martin-Marietta Corp., 418 F. Supp. 837 (W.D.Okla. 1975), aff'd, 544 F.2d 442 (10th Cir.1976); Walker v. Skyclimber, Inc., 571 F. Supp. 1176 (D.V.I. 1983); compare A.E. Finley & Associates, Inc. v. Medley, 141 So.2d at 614 (negligent assembler of machine held liable to employee of purchaser in course of trade).[2]
Affirmed.
NOTES
[1] The sales contract specifically excluded any implied warranty as to the equipment. See Xerographic Supplies Corp. v. Hertz Commercial Leasing Corp., 386 So.2d 299 (Fla. 3d DCA 1980)(holding that disclaimer obviates even otherwise-existing implied warranty of merchantability).
[2] The basis of our ruling makes it unnecessary to treat any of the other asserted grounds for affirmance, including the proposition that, if it is arguendo assumed that Supro indeed "manufactured" the ribbon blender by adapting it for its own use in 1970, it must also be deemed to have "delivered" the completed product at that time, thus invoking the bar of the twelve-year statute of repose. § 95.031(2), Fla. Stat. (1985); Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), appeal dismissed, ___ U.S. ___, 106 S.Ct. 1626, 90 L.Ed.2d 174 (1986).