## ZINMAN v WINN DIXIE SUPERMARKET, INC.
### Case No. MS-88-13979-RB
County Court, Palm Beach County

March 24, 1989

**APPEARANCES OF COUNSEL**

**Lori Zinman** and **Mark Zinman,** pro se.
**Dale J. Rickert,** for defendant.

### OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

#### FINAL JUDGMENT FOR DEFENDANT

This case came before the Court for a Final Hearing (nonjury trial). Plaintiffs were present and Defendant was represented by counsel. Both parties presented evidence and testimony.

#### Findings of Fact

While watching a consumer report on a local television station, Plaintiffs learned of a simplified procedure to test their dishes for the possibility of lead content. Based on the report, Plaintiff sent away to Frandon Enterprises, Inc. in Seattle, Washington for the lead test kit. Upon receiving the lead test kit, Plaintiffs were instructed, according to

the kit, to "add enough distilled white vinegar (with 5% acidity, such as Heinz, or equivalent) to cover the food contact surface." Plaintiff testified that she purchased a bottle of Heinz vinegar from the Defendant and filled the dishes with enough vinegar to satisfy the test. According to the test kit, the vinegar was to remain in the item for at least 24 hours. After 24 hours, Plaintiff took the vinegar from the items being tested and added a solution provided by Frandon Enterprises, Inc. Following the instructions as prescribed, the results of the test produced a negative reading for any lead content. However, the Plaintiff testified that the vinegar ate through her dishes and also left a ring or mark on her marble table top.

Defendant produced testimony from the local Winn Dixie location manager in which he stated that he had no knowledge that the vinegar would do any damage to china or marble. Defendant also presented the sales manager of H J Heinz Company for the Southern Region and he testified that at no time had any complaints been filed against Heinz vinegar for the damage complained of in the Plaintiff's lawsuit and he further testified that the manner in which the vinegar was used was not the intended use of the vinegar.

Plaintiff sued Defendant for selling Heinz vinegar thereby causing damage to her dishes and marble table top.

### Conclusions of Law

Both parties agreed to add Heinz USA, Division of H J Heinz Company as an additional Defendant.

Plaintiff is suing Defendant on a products liability theory. Where an article has a defect, due to its manufacture, that renders it dangerous, and that is known or should be known by the seller, the seller may be held liable in negligence either to the buyer or to a third party. *Carter v Hector Supply Company,* 128 So.2d 390 (Fla., 1961). Likewise, the manufacturer of a product which, because of improper design or manufacture, is potentially dangerous to the user, is liable for property damage resulting therefrom. *A. E. Finley & Associates, Inc. v Medley,* 141 So.2d 613 (Fla. 3d DCA 1962).

Strict liability in tort in products liability cases has become the law in Florida. *West v Caterpillar Tractor Company, Inc.,* 336 So.2d 80 (Fla. 1976). The theories of strict liability and implied warranty have been so refined that "the distinctions frequently have more theoretical than practical significance." *West* at 84. Strict liability is imposed when the following have been established:

(1) The manufacturer's relationship to the product;

**63**

(2) The defect in the product and its unreasonably dangerous condition; and

(3) The proximate causal connection between such condition and the users injuries. *West* at 86, 87. *See* also, *Restatement of Torts* (Section 402(a)).

Liability is imposed under the theory of implied warranty when it has been proved that:

(1) Plaintiff was a foreseeable user of the products;

(2) The product was being used in the intended manner at the time of the injury;

(3) The product was defective when transferred from the warrantor; and

(4) The defect caused the injury. *McCarthy v Florida Ladder Company,* 295 So.2d 707 (Fla. 2d DCA 1974).

Plaintiff has not been able to show that the vinegar in question was defective, nor was the vinegar used for its intended purpose. Based upon the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff, LORI ZINMAN and MARK ZINMAN take nothing by their action and that Defendants, WINN DIXIE SUPERMARKETS and HEINZ USA shall go hence without day.

DONE AND ORDERED in West Palm Beach, Florida this 24th day of March, 1989.