THOMPSON, Judge.
This is an appeal of an order granting appellee’s motion for summary judgment in a products liability case. We affirm.
On December 6, 1985, Lane was employed as a utility worker at the Southwest Forest Industries (SFI) paper mill. On that day she was attempting to clear paper scraps from a belt conveyor when her right arm was caught between the conveyor belt and tail pulley. As a result of the accident, she suffered permanent injuries to her arm and shoulder.
The belt conveyor was designed and constructed by International Paper Company’s (IPC) in-house engineers and mechanics in 1964. It is located in the basement of the mill and is used to convey scrap paper and debris (broke) to a pulp machine which reprocesses it into paper. The broke conveyor has not been substantially altered or modified since it became operational in 1964. In 1979 the entire mill, including the broke conveyor, was sold to SFI.
On July 6, 1987 Lane filed a products liability complaint against IPC seeking damages for her injuries. The two count complaint sought recovery based on the theories of strict liability and negligence. Subsequently IPC moved for summary judgment on the ground that the action was barred by the 12 year Statute of Repose and on the ground that it owed no duty to use reasonable care in designing and assembling the conveyor because it was not in the business of and gained no profits from distributing or selling broke conveyors through the stream of commerce.
July 12,1988 the trial court granted final summary judgment as to both counts. The court held that the Statute of Repose did not apply because IPC manufactured the conveyor for its own use in 1964, and thus it did not constitute a delivery of a completed product. With respect to the complaint, the court held that although IPC manufactured the broke conveyor, Lane could not recover because IPC was not in the business of manufacturing and selling broke conveyors.
At the time the broke conveyor was designed and constructed IPC was in the business of producing, distributing and selling paper. The broke conveyor was constructed for use in its business of producing paper. It was not in the business of manufacturing, distributing, or selling broke conveyors. The only time the broke conveyor was sold prior to the accident was *486 when the entire paper mill, including the broke conveyor, was sold to SFI in 1979. On any theory of products liability, whether it be for negligent design or manufacture of the product, for breach of implied warranty, or strict liability, in order for the manufacturer to be liable the injured party must show that the manufacturer is in the business of and gains profits from the distribution and sale of the product through the stream of commerce. The one time sale of the entire paper mill, of which the broke conveyor is only a small part, does not render IPC liable under any products liability theory. Johnson v. Supro Corporation, 498 So.2d 528 (Fla. 3d DCA 1986).
AFFIRMED.
SMITH, C.J., and MINER, J., concur.