116 So.2d 792 (1960)
Timothy WALKER, a Minor, by and through His Father and Next Friend, J. Marshall Walker, Jr., and J. Marshall Walker, Jr., Individually, Appellants,
v.
NATIONAL GUN TRADERS, INC., a Florida Corporation, Appellee.
No. 59-97.
District Court of Appeal of Florida. Third District.
January 7, 1960.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Warren D. Hamann, Miami, for appellants.
Hill, Welsh, Cornell, Ross & Pyszka, Miami, for appellee.
PEARSON, Judge.
The appellants, who were plaintiffs below, appeal from a final judgment of dismissal entered upon motion directed to their amended complaint. The complaint sought to establish liability upon two separate theories. The first of these was upon an alleged warranty that a revolver sold by the defendant to one Alonzo O. Bliss, *793 Jr., was in good and useable condition. It is asserted therein that this revolver contained a latent defect in that a spur had been filed off the safety notch, and that because of the defect the revolver fired putting out the eye of the minor plaintiff. The second count alleges that the defect in the revolver was a latent defect which was not visible or apparent but which was known or should have been known to the defendant. It was further alleged that as a proximate result of the carelessness and negligence of the defendant in failing to properly inspect the weapon that the said minor plaintiff suffered the injury. We will discuss the second count first, because it is the one that we find stated a cause of action and upon which further proceedings must be had.
In Tampa Drug Co. v. Wait, Fla. 1958, 103 So.2d 603, an award of damages was affirmed to a widow for the wrongful death of her husband in an action arising out of carbon tetrachloride poisoning. In that case the Supreme Court of Florida determined the extent of the duty of a distributor of an inherently dangerous commodity. Without repeating the reasoning of that opinion or the numerous authorities cited therein, it is sufficient to say that the court determined the proper measure of the duty of a distributor of an inherently dangerous commodity to be the reasonable foreseeability of injury that might result from the use of the commodity. It is further pointed out that when a distributor of an inherently dangerous commodity places it in the channels of trade, then by the very nature of the transaction, the distributor has the duty of providing to those who might use the product a fair and adequate warning of its dangerous potentiality. It follows that the distributor of an inherently dangerous product such as a second hand revolver has a duty to those members of the public who may be injured by the ordinary use of the product.
The appellee urges, however, that as a matter of law the failure of the defendant to warn the purchaser could not have been the proximate cause of the injury. It is suggested that for the gun to cause damage it was necessary for two efficient intervening causes to be brought into play. The first suggested is that the gun must be loaded and the second, that the gun had to be cocked. We think that the sensible approach to this problem is the question of foreseeability. In other words, can it be reasonably held that the distributor of a defective gun, particularly one that has a latent defect because of the removal of a spur off the safety notch mechanism, should foresee that the gun might be left in a loaded and cocked condition? The answer is self-evident that the distributor must realize that a person might ordinarily use the gun by first loading it and then drawing the hammer back and setting it for firing, with the right to anticipate that the safety notch would prevent the release of the hammer.
It has been pointed out that the complaint also contained an allegation that the injury complained of occurred when the minor plaintiff was a guest in the home of Alonzo O. Bliss, Jr., and at a time when Timothy Bliss, a minor son of Alonzo O. Bliss, Jr., picked up the above described revolver by its handle. It is argued that it is possible some action of Timothy Bliss, the minor son of Alonzo O. Bliss, Jr., caused the gun to discharge. However, upon motion to dismiss the complaint all of the well pleaded allegations of the complaint are taken as true. Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482, 484; Binz v. Helvetia Florida Enterprises, Fla.App. 1958, 104 So.2d 124, 126. The complaint contains the allegation that the revolver malfunctioned and discharged because of its defect and the allegation is good upon motion to dismiss. We therefore hold that the second count of the amended complaint stated a good cause of action.
As above pointed out the first count of plaintiff's complaint was upon an allegation of a warranty. We have carefully examined *794 this count in the light of appellant's argument and are of the opinion that the trial judge correctly dismissed the same for failure to state a cause of action.
The final judgment dismissing the amended complaint with prejudice is therefore reversed and the cause remanded to trial court with directions to sustain the motion to dismiss as to count numbered one and deny the same as to count numbered two of the amended complaint.
Affirmed in part and reversed in part and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.