128 So.2d 390 (1961)
Harry Edward CARTER, Petitioner,
v.
HECTOR SUPPLY CO., a Florida corporation, Respondent.
No. 30797.
Supreme Court of Florida.
March 22, 1961.
Rehearing Denied April 19, 1961.
*391 Nichols, Gaither, Green, Frates & Beckham, and Sam Daniels, Miami, for petitioner.
Reginald L. Williams and Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Earl Faircloth, Miami, for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of a court of appeal account of an alleged conflict with prior decisions of this Court.
We must decide whether a retailer is liable on an implied warranty of fitness to a non-purchaser-user of a piece of equipment which is not inherently dangerous.
The decision submitted for review is Hector Supply Co. v. Carter, Fla.App. 1960, 122 So.2d 22, 23. Carter was an employee of the Dade County school system. Pursuant to advertised invitations respondent Hector Supply Co., a retailer, offered to sell the school board "Four, King O'Lawn Riding Sulky, bucket type seat[s] * * *." The school board purchased the sulkies by the brand name submitted by the retailer. The brand met specifications stipulated by the purchaser. After using the sulkies for several months Carter, the employee, was injured when the frame of one of them collapsed as a result of metal fatigue occasioned by a latent defect. Carter sued Hector, claiming a breach of an alleged warranty of fitness. A jury verdict for Carter was reversed by the Court of Appeal, Third District, 122 So.2d 22, supra. The decision of that court is now tendered for review with the contention that it conflicts with prior decisions of this Court in Smith v. Burdines, Inc., 144 Fla. 500, 198 So. 223, 131 A.L.R. 115; Sencer v. Carl's Market, Fla. 1950, 45 So.2d 671, and, Food Fair Stores of Florida, Inc. v. Macurda, Fla. 1957, 93 So.2d 860.
It is the position of the petitioner Carter that the court of appeal erroneously held that there is no implied warranty of fitness when a retailer can not, in the exercise of due care, discover the alleged defect. Petitioner asserts that this court decided that a retailer could be held liable on an implied warranty absent express or implied knowledge of the defect in Smith, Sencer and Macurda.
Preliminary to deciding the point in contest we deem it advisable to emphasize certain aspects of the instant situation. It should be constantly borne in mind that Carter is attempting to sue Hector on an implied warranty. This is not an action grounded on alleged negligence. Carter was an employee of the purchaser of the sulky but did not occupy any relationship of privity with the seller. There is nothing in the record to suggest that the commodity involved, i.e., a riding sulky, could in any respect be classified as a dangerous instrumentality, such as an automobile or an airplane. It is obvious, of course, that no food product is involved. Finally, it should be noted that the action is brought against a retailer and not against the manufacturer.
Perhaps in its judicial incipiency the rule of liability on implied warranty was grounded in some measure on the law covering deceit and therefore assumed the complexion of a tort action. However, it is now generally agreed that the implication of a warranty arises out of a contractual relationship. Williston, Sales, Rev.Ed. Section 197; 46 Am.Jur., Sales, Section 332; 77 C.J.S. Sales § 302 and § 325.
*392 The court of appeal appeared to conclude that in this action against the retailer privity of contract was not an essential. To support its position the court of appeal relied upon its own decision in Continental Copper & Steel Industries, Inc. v. E.C. "Red" Cornelius, Inc., Fla.App. 1958, 104 So.2d 40, and the decision of this Court in Matthews v. Lawnlite Co., Fla. 1956, 88 So.2d 299. The confidence of the court of appeal in these prior decisions is not justified. Neither of the cases involved the question of liability of a retailer under the theory of implied warranty for injuries resulting from a latent defect. Both of the cases resolved primarily the question of liability of a manufacturer to one who purchased the manufactured commodity through a middleman. Subject to limited exceptions which we hereafter describe a retailer is liable only to his customer when the effort is made to impose upon him the strict and absolute liability implicit in a warranty.
The cases relied upon by the petitioner all involved situations in which the immediate customer of the retailer sought to impose liability under an implied warranty of fitness. Two of them, Sencer v. Carl's Market, supra, and Food Fair Stores of Florida, Inc. v. Macurda, supra, involved foodstuffs. This is well-recognized exception to the privity requirement. In the third case relied on by petitioner, Smith v. Burdines, supra, the privity element was present.
To avoid any suspicion that we have overlooked the point, we mention that in our opinion the commodity involved in the instant case could not be classified under any possible dangerous instrumentality exception to the privity requirement when the retailer becomes involved in an implied warranty situation. For a discussion of such a possibility see: Prosser, Torts, 2d Ed., 1955, Secs. 84, 85; 74 A.L.R.2d 1111; 75 A.L.R.2d 39. Here the item was not a mechanical device as such. It was more nearly like a chair than a machine.
We disagree with the court of appeal when it held that privity was not essential to recovery in the instant case. Nevertheless, we have for other reasons arrived at the conclusion that its ultimate judgment was correct and therefore not subject to being disturbed.
The ultimate holding of the court of appeal is to the effect that proof of actual or implied knowledge of a defect on the part of a retailer is essential to his liability on an implied warranty in an action brought by one other than the purchaser. The court of appeal relied upon Lambert v. Sistrunk, Fla. 1952, 58 So.2d 434. Here again we think its confidence was misplaced for the simple reason that Lambert involved a direct purchaser-seller situation in which the purchaser had an opportunity equal to that of the seller to inspect the item purchased. It did not involve a third party effort to impose implied warranty responsibility on a retailer.
The instant holding of the court of appeal, however, is essentially correct in finding that a retailer could be held liable to a third party in a negligence action as contrasted to absolute liability under an implied warranty only if the retailer could be charged with actual or implied knowledge of the defect. Again we emphasize that in the case at bar Carter relied entirely on an alleged implied warranty in order to impose absolute liability regardless of fault on the retailer with relation to whom there was no privity. Finding as we do that the lack of privity between these parties precluded the implication of a warranty, the plaintiff would necessarily be relegated to an action in tort for negligence. Actually this, in effect, is where the ultimate judgment of the court of appeal placed him. In that event, in the type of situation immediately before us, it would be necessary for him to prove that the retailer knew, or should have known, of the defective condition of the commodity. To this extent the court of appeal ruled correctly in holding that proof of this element would support a finding of fault on the part of the retailer. This is in direct contrast with the rule that such proof is wholly unnecessary in an implied warranty situation.
*393 We have examined numerous other decisions involving so-called products liability. Privity of contract was present in Miami Coca Cola Bottling Co. v. Todd, Fla., 101 So.2d 34; West Coast Lumber Co. v. Wernicke, 137 Fla. 363, 188 So. 357; Berger v. E. Berger & Co., 76 Fla. 503, 80 So. 296 and Tampa Drug Co. v. Wait, Fla., 103 So.2d 603. In cases where privity was lacking, the plaintiff proceeded against the retailer on some theory of negligence. Walker v. National Gun Traders, Inc., Fla.App., 116 So.2d 792; Rawls v. Ziegler, Fla., 107 So.2d 601. See also 46 Am.Jur., Sales, Sec. 810, where it is said:
"* * * warranties do not run with personal property. Accordingly, it has been held that the buyer's tenant, the buyer's employee, or a member of the buyer's family who is injured through the article sold cannot base his action against the seller on an express or implied warranty."
The sum of our holding here simply is that one who is not in privity with a retailer has no action against him for breach of an implied warranty, except in situations involving foodstuffs or perhaps dangerous instrumentalities, a problem not presently here. This is the rule for the reason that a warranty is essentially an aspect of a contractual relationship and will not generally be implied absent such a relationship between the parties. Unless one of the stated exceptions exists the injured user of a commodity who is not in privity with the retailer, is relegated to an action for negligence which in turn requires allegation and proof of fault as distinguished from the absolute liability of an implied warranty. Cf., Restatement, Torts, Sec. 402 (1948 Supplement).
The petition for a writ of certiorari reflected prima facie jurisdiction because of the alleged conflicts. Although we have in some measure disagreed with the reasons announced by the court of appeal to support its judgment, we find that its ultimate conclusion is correct. Having determined that the reasons announced by the court of appeal to support its instant decision conflict with prior decisions of this Court on the same points of law, but finding that these erroneous reasons have nevertheless led the court of appeal to a correct disposition of the case, the judgment under review will not be disturbed and the writ is therefore discharged.
It is so ordered.
THOMAS, C.J., and HOBSON and O'CONNELL, JJ, concur.
TERRELL, J., agrees to judgment.