**Mack ODUM, Plaintiff,**

v.

**GULF TIRE AND SUPPLY COMPANY, a Delaware Corporation, authorized to do business in the State of Florida, and Gulf Oil Corporation, a Pennsylvania Corporation, authorized to do business in the State of Florida, Defendants.**

Civ. A. No. 493.

United States District Court
N. D. Florida,
Marianna Division.

July 14, 1961.

Amos Hudson, William J. Mongoven, Chipley, Fla., for plaintiff.

Isler, Welch & Jones, Panama City, Fla., for defendants.

CARSWELL, Chief Judge.

Plaintiff brought action against defendants to recover for injuries allegedly sustained when a tire which he was mounting exploded.

The complaint alleges that defendant Gulf Tire and Supply Company (hereafter called "Gulf Tire") negligently manufactured or caused to be manufactured the tire in question. The complaint alleges that Gulf Oil Corporation upon receipt of the defectively manufactured tire from Gulf Tire "negligently and carelessly delivered the tire to plaintiff's employer". The complaint further alleges that both defendants knew, or

should have known, by the exercise of ordinary care that the tire was defective and likely to explode.

The answer denies that Gulf Tire manufactured the tire in question, and pleads that the tire was manufactured by the B. F. Goodrich Company pursuant to a contract between them.

In addition, plaintiff alleges that specific acts of defendants' negligence consist of the failure to wrap or seal the tire in any container when the tire was delivered to plaintiff's employer; and that both defendants had a duty to inspect the tire to insure that the tire was not defective; and that it was in a reasonably safe condition to mount and use for the purpose for which it was manufactured.

Defendants admit that they did not inspect the tire for defects, but deny that they had any duty to do so.

Plaintiff argues that because the name Gulf Tire and Supply Company was placed upon the tire, that was indication that Gulf Tire was either the manufacturer or had the duty to inspect.

■ Since it is clear that plaintiff was not a purchaser of the tire, he is not entitled to any warranties to which a purchaser may have been entitled. There is no contractual relationship, hence no privity of contract. Carter v. Hector Supply Co., Fla.1961, 128 So.2d 390.

The only theory upon which plaintiff may proceed therefore is upon the theory of negligence. Counsel for plaintiff ably argues that there is an allegation that defendants had a duty to inspect, and breached that duty by failing to inspect. This, they contend, is sufficient to raise a question of fact and therefore can withstand the test of a summary judgment.

This Court cannot agree. Whether a wholesaler or a retailer has the duty to inspect goods which it passes on to the consumer is a question of law. If there is no duty to inspect, plaintiff has no cause of action against these defendants.

The law is fairly well settled with respect to the liability of manufacturers and retailers to a purchaser of an inherently dangerous article. Walker v.

National Gun Traders, Inc., Fla.App.1960, 116 So.2d 792; Tampa Drug Co. v. Waits, Fla.1958, 103 So.2d 603. These cases hold that the middleman had a duty to inspect. This duty was for the benefit of purchasers as well as other third parties. The requirement of privity has been eliminated in cases where the commodity is inherently dangerous. The doctrine has not been extended, however, to cases where the commodity is not inherently dangerous (another being that of products for human consumption). Although the Florida Supreme Court gave no indication of how it would rule in a situation where there was a defect in an article that is ordinarily harmless, it did note in Tampa Drug Co. v. Waits, supra at page 608, that there might be some distinction.

It has been generally held that a tire is not an inherently dangerous product, although there is authority to show that it may be imminently dangerous. Annotation 74 A.L.R.2d 1111.

■ This Court holds that a retailer or wholesaler is not under a duty to inspect manufactured articles of a complex nature for defects which are latent. The retailer or wholesaler who does nothing more than transfer the goods from one place to another is in no greater position to determine whether there are hidden defects in such an article, and has no greater means for making such inspection than the purchaser or other third person.

This Court makes no ruling as to the liability of B. F. Goodrich to plaintiff in this case, although it appears from the allegations and the matters asserted herein that Goodrich should bear the liability. The liability of the manufacturer of a defective inherently dangerous or imminently dangerous product has been settled. MacPherson v. Buick Motor Co., 1916, 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696.

The fact of the matter here is that plaintiff has sued the wrong party. See Clarkson v. Hertz Corporation, 5 Cir., 1959, 266 F.2d 948; McLean v. Goodyear Tire & Rubber Co., Inc., 5 Cir., 1936, 85 F.2d 150.

Since the allegation in the complaint relating to defendants' failure to wrap the tire does not allege any causal connection between that failure and the injury, the allegation is insufficient to raise a question of fact.

The Court also observes that there are many situations where workmen are injured in the course of their employment through the use of appliances and tools, where there is no fault attributable to any one; or where the fault lies with the workman himself. The legislatures of the various states, recognizing this situation, have enacted workmen's compensation laws to be applicable in such cases. The plaintiff has in this case benefited by these laws. While this Court repeats that plaintiff is not precluded from trying to fix liability where it may properly lie, plaintiff must sue the party who bears the legal liability for the injury.

Motion for summary judgment in favor of defendants is granted.