177 So.2d 362 (1965)
Roberta L. BERNSTEIN and Aklba Bernstein, her husband, Appellants,
v.
LILY-TULIP CUP CORPORATION, a Delaware corporation, Appellee.
No. 64-944.
District Court of Appeal of Florida. Third District.
July 13, 1965.
*363 Thomas J. Gaine, Miami, for appellants.
Blackwell, Walker & Gray and James E. Tribble, Miami, for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
This is the plaintiffs' appeal of a summary final judgment rendered in favor of the defendant.
The facts giving rise to this law suit are not complex. Plaintiff, wife, while a patient in a hospital, was served a hot drink in a paper cup manufactured by the defendant. The body of the cup came apart from the handle causing the hot contents to spill on plaintiff resulting in her being scalded. Plaintiffs then filed their complaint seeking damages on the theories of negligence and breach of implied warranty. On defendant's motion the implied warranty count was stricken on the theory that no privity of contract existed between the parties. The trial court noted that since the product causing the injury was neither a food stuff nor inherently dangerous, privity between the parties is required.
The cause came on for pretrial conference, at the conclusion of which plaintiffs' counsel stated for the record that he was in no position to establish negligence in the manufacture of the cup; but, that he proposed to rely on the doctrine of res ipsa loquitur. The court noted that the pleadings afforded no basis for reliance upon res ipsa loquitur. Plaintiffs chose not to amend and thereafter suffered the summary judgment herein appealed.
The crucial point on appeal is whether the trial court properly struck the implied warranty count of plaintiffs' complaint.
The law in Florida is well settled that a manufacturer will be held liable in implied warranty without privity to a consumer injured by a defective product manufactured for human consumption or other intimate bodily use.[1]
In a 1953 case[2] brought against a wholesaler not in privity with the plaintiff buyer, *364 liability based on breach of implied warranty was sustained against the wholesaler for mislabeling watermelon seed. In its opinion our Supreme Court stated:
"There is a conflict of opinion about the accountability of a manufacturer to a consumer on the theory of implied warranty in the absence of privity, but this court has become alined with those courts holding that suit may be brought against the manufacturer notwithstanding want of privity."[3]
When this court had before it a suit brought by a consumer against the manufacturer of underground electrical cable that became defective, we relied on the Blanton and Hoskins cases[4] and observed that:
"It appears that the courts have departed from the general rule that recovery could not be had from a manufacturer on an implied warranty absent privity of contract."[5]
Appellee urges that Carter v. Hector Supply Co.[6] is authority for the proposition that privity is still required for a consumer to maintain an action against a manufacturer. We disagree. In the Carter case our Supreme Court emphasized that the case before it involved a retailer and not a manufacturer. The court then expressed its precise holding in the following language:
"The sum of our holding here simply is that one who is not in privity with a retailer has no action against him for breach of an implied warranty, except in situations involving foodstuffs or perhaps dangerous instrumentalities, a problem not presently here."[7]
In 1962 our Supreme Court modified the rule requiring privity in a suit on implied warranty against a retailer, when the court permitted a minor plaintiff for whose benefit the sale was made, to maintain an action notwithstanding lack of privity.[8]
In an earlier case[9] a prospective purchaser was testing an aluminum lawn chair when certain of the mechanical parts severed his finger. Our Supreme Court held the manufacturer liable under the theory of implied warranty but cited the Restatement of Torts[10] which holds a manufacturer liable in negligence if a defective plan or design makes a product dangerous for normal use. The Matthews case has been cited as authority for recovery on the basis of negligence[11] and implied warranty.[12]
We fully recognize that the Florida law has not reached the point where the doctrine of privity has been removed in all suits based upon implied warranty. However, upon our review of the law we conclude that privity no longer obtains in an implied warranty suit by a consumer against a manufacturer.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
NOTES
[1] Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313 (1944); Green v. American Tobacco Company, Fla. 1963, 154 So.2d 169; Miami Coca Cola Bottling Company v. Todd, Fla. 1958, 101 So.2d 34; Wagner v. Mars, Inc., Fla.App. 1964, 166 So.2d 673; Smith v. Burdine's, Inc., 144 Fla. 500, 198 So. 223, 13 A.L.R. 115 (1940).
[2] Hoskins v. Jackson Grain Co., Fla. 1953, 63 So.2d 514.
[3] id. at 515.
[4] Supra notes 1 and 2.
[5] Continental Copper and Steel Industries v. E.C. "Red" Cornelius, Fla.App. 1958, 104 So.2d 40, 41.
[6] Fla. 1961, 128 So.2d 390.
[7] id. at 393.
[8] McBurnette v. Playground Equipment Corp., Fla. 1962, 137 So.2d 563.
[9] Matthews v. Lawnlite Company, Fla. 1956, 88 So.2d 299.
[10] Restatement Torts § 398 (1934).
[11] Rawls v. Ziegler, Fla. 1958, 107 So.2d 601.
[12] King v. Douglas Aircraft Co., Fla.App. 1963, 159 So.2d 108.