197 So.2d 545 (1967)
John D. BARFIELD and Stanley Scally, Appellants,
v.
ATLANTIC COAST LINE RAILROAD COMPANY, the Atlantic Land & Improvement Company, and United States Rubber Co., Appellees.
Nos. 7339, 7340.
District Court of Appeal of Florida. Second District.
April 7, 1967.
Rehearing Denied May 5, 1967.
*546 Robert Orseck and Norman S. Klein, of Nichols, Gaither, Beckham, Colson & Spence, Miami, for appellants.
William R. Hapner, Jr., of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellee, United States Rubber Co.
LILES, Judge.
Appellants, John D. Barfield and Stanley Scally, take a consolidated appeal from a final judgment on a directed verdict on negligence adverse to appellants and also seek review of an order striking amendments to their complaints which alleged breach of implied warranty.
Gulf Oil, employer of appellants, purchased a certain flexible light weight oil discharge hose from its manufacturer U.S. Rubber Co., appellee here. Gulf Oil used this particular hose for pumping fuel out of tankers to the company's storage tanks located in the area.
On July 3, 1958, the "Gulf Deer" was docked and being unloaded when witnesses in the dock house heard a peculiar noise and observed gasoline spraying into the air. The gasoline escaped from an eight inch slit on the underside of the hose being used by appellants. The fumes formed a cloud which rolled from the dock to an open flame switch lamp operated by Atlantic Coast Line. The flame exploded the gasoline and caused the appellants, who were operating the hose, to be severely burned.
Appellants filed suit against U.S. Rubber Co. alleging breach of warranty and negligence in the manufacture of the hose. During the course of the trial, the court struck from the complaints the count alleging breach of warranty and at the conclusion of appellants' testimony directed a verdict in favor of U.S. Rubber Co. on the negligence count.
Appellants have assigned as error the trial court's order striking the count charging breach of warranty and also the directed verdict on the count of negligence. We look first to the question of implied warranty. Where the requirement of privity of contract was once necessary, it is now discarded in most instances where the cause of action is breach of implied warranty. Continental Copper & Steel Industries, Inc. v. "Red" Cornelius, Fla.App. 1958, 104 So.2d 40; Renninger v. Foremost Dairies, Inc. *547 Fla.App. 1965, 171 So.2d 602; McBurnette v. Playground Equipment, Fla. 1962, 137 So.2d 563.
In a recent decision, Bernstein v. Lily-Tulip Corporation, Fla.App. 1965, 177 So.2d 362, approved in Lily-Tulip Cup Corporation v. Bernstein, Fla. 1966, 181 So.2d 641, a hospital patient, served with a hot drink, sued the manufacturer of a paper cup which contained the hot drink when the body of the cup came apart from the handle causing the hot contents to scald the plaintiff-patient. The holding of the court reversed the trial court's order striking the implied warranty count and said it did not rest the result on either of the exceptions to the privity requirement but completely abrogated the necessity for privity in a consumer's suit in implied warranty against a manufacturer.
A subsequent decision allowed an employee to be brought within the class of plaintiffs able to sue for breach of implied warranty. In Vandercook & Son, Inc. v. Thorpe, 344 F.2d 930 (5th Cir.1965) an injured employee brought suit against the manufacturer of a printing press. The court held that a cause of action for breach of implied warranty existed against the manufacturer and stated:
"* * * It is enough that the injured person be one of those reasonably intended to use the machine, and that when the injury occurred, the machine was being used generally in the manner intended."
In the instant case the appellants were using the hose when the accident occurred and were using it in the manner intended and should be entitled to bring suit in implied warranty against the manufacturer of the hose. See also Prosser, Torts § 97 at 682 (3rd ed. 1964). We, therefore, hold that the counts alleging breach of warranty were erroneously stricken and must be reinstated.
Appellants' second point which goes to alleged negligent development and manufacture of the hose is, we believe, without merit. The specific acts of negligence attributed to U.S. Rubber Co. were its failure to perform various inspection tests, over and above those actually performed, both during development and manufacture of the hose.
While a manufacturer's duty to use reasonable care includes making reasonable tests to discover latent hazards, the law does not require him to make tests that are not practical or economically feasible in relation to the risk. 1 Frumer & Friedman, Products Liability § 6.01 [1]; 1 Hursh, American Law of Products Liability § 2:23; Cf. Prosser, Torts 170 (3rd ed. 1964).
It seems apparent that the tests suggested by appellants' experts which might have discovered the defect would require the manufacturer to adhere to an impractical degree of care and create a duty to the user in excess of the standard of reasonable care.
The trial court properly directed a verdict on negligence in favor of U.S. Rubber Co.
Affirmed in part, reversed in part and remanded for proceedings not inconsistent herewith.
SHANNON, Acting C.J., and KING, JAMES LAWRENCE, Associate Judge, concur.