234 So.2d 374 (1970)
John D. BARFIELD, Plaintiff,
v.
UNITED STATES RUBBER COMPANY, Defendant.
Stanley SCALLY, Plaintiff,
v.
UNITED STATES RUBBER COMPANY, Defendant.
No. 70-66.
District Court of Appeal of Florida, Second District.
April 1, 1970.
Rehearing Denied May 19, 1970.
*375 Wagner, Cunningham & Vaughan, Tampa, and Podhurst & Orseck, P.A., Miami, for plaintiffs.
John W. Boult and Edward M. Waller, Jr., of Fowler, White, Gillen, Humkey & Kinney, P.A., Tampa, for defendant.
LILES, Acting Chief Judge.
The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, certified the following question to this court:
"Is the cause of action ordered to be reinstated by the Court's decision in Barfield v. Atlantic Coast Line Railroad Company, 197 So.2d 545 (Fla. DCA 2d, 1967) governed by the three year statute of limitations set forth in Florida Statutes § 95.11(5) (e), or by the four year statute of limitations set forth in Florida Statutes § 95.11(4)."
The trial court stated that the point of law involved "may be determinative of the cause and is without direct controlling precedent in the state and instructions from the District Court of Appeal will facilitate the proper disposition of this cause * * *."
The facts in Barfield v. Atlantic Coast Line Railroad Company, supra, were that plaintiffs filed suit against defendant manufacturer to recover damages resulting from an alleged breach of implied warranty by the defendant. Defendant sold certain rubber hose to plaintiffs' employer. Subsequently, while plaintiffs were using this hose to pump gasoline from a tanker, gasoline escaped from an eight inch slit on the underside of the hose and caused an explosiion. Plaintiffs were severely burned.
More than three but less than four years after this accident, plaintiffs filed suit alleging negligence and breach of warranty. Only the cause of action alleging breach of warranty was before the court below and is now before this court. Defendant had raised the defense that the statute of limitations governing causes of action arising from breach of unwritten contracts bars this suit. Fla. Stat. § 95.11 (5) (e), 1967. Plaintiffs, on the other hand, urge that the four year statute of limitations under Fla. Stat. § 95.11(4), 1967, controlling any relief not specifically provided for in Fla. Stat. Ch. 95, Limitations of Actions; Adverse Possession, is applicable. This latter section has traditionally been applied to tort actions. See Manning v. Serrano, Fla. 1957, 97 So.2d 688.
Fla. Stat. § 95.11(5) (e), 1967, reads as follows:
"Actions other than those for the recovery of real property can only be commenced as follows:
* * * * * *
"(5) Within three years.  * * * (e) And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."
Generally, cases dealing with this section have restricted its applicability to actions of a strictly contractual nature. See, e.g., Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 3d Cir.1966, 372 F.2d 18 ("liability not founded upon an instrument of writing "encompasses action for indemnity); McNair v. Burt, 5th Cir.1934, 68 F.2d 814; Warner v. Ware, 1938, 136 Fla. 466, 182 So. 605; Schenkel v. Atlantic National Bank, Fla. App. 1962, 141 So.2d 327. However, this court, in Creviston v. General Motors Corp., Fla.App. 1968, 210 So.2d 755, 757, indicated that the three year statute of limitations of Section 95.11(5) (e) was applicable to actions *376 on implied warranty, stating that such actions are founded on a contract not in writing. Thus we held that the period of limitation on such actions commences to run when the "agreement" is breached, rather than the time the actual damages are sustained. It should be noted, however, that the question of the applicability of Section 95.11(5) (e), rather than Section 95.11 (4), to actions based on implied warranty against a manufacturer was not before the court. The Supreme Court of Florida quashed our judgment in that cause in Creviston v. General Motors Corp., Fla. 1969, 225 So.2d 331. The court accepted, for the purposes of resolving the question of the time the three year statute of limitations begins to run, that implied warranty is governed by Section 95.11(5) (e). However, the court noted that "the forward trend in the area of products liability cast [sic] considerable doubt on the classification of a breach of such a warranty as ex contractu. See Prosser, Torts, § 83 (2d ed. 1955); Lily-Tulip Cup Corp. v. Bernstein, Fla. 1966, 181 So.2d 641; Manheim v. Ford Motor Co., Fla. 1967, 201 So.2d 440." While this caveat of our supreme court is not essential to its decision, we should not be unmindful of its value. Cf. Milligan v. State, Fla.App. 1965, 177 So.2d 75. For this reason, and for the reasons set forth below, we recede from any suggestion in our decision in Creviston that a suit based on implied warranty by an ultimate consumer against a manufacturer is based on contract. Hendon v. Stanley Home Products, Inc., Fla.App. 1969, 225 So.2d 553, is subject to the same analysis. However, we wish to make clear that we express no opinion as to the issue of whether a suit based on implied warranty by an ultimate consumer against one other than a manufacturer is within the ambit of Section 95.11(5) (e) or Section 95.11(4).
Proceeding from the earthy but accurate observation of Lord Ellenborough in Gardiner v. Gray, H.L. 1815, 4 Camp. 144, 171 Eng.Rep. 46, that "The purchaser cannot be supposed to buy goods to lay them on a dunghill," our courts have developed and are continually developing a body of law pertaining to products liability in a fashion that has been termed the model of the growth of a common-law institution.[1] As much as any area of the common law, the jurisprudence of products liability reflects the "complex, highly industrialized, Madison Avenue, 25-inch screen, `hard sell,' atomic age of the expert in which we live."[2] In light of the prodigious growth of this body of law, which has witnessed in recent years the elimination of privity as a requirement in consumer suits based on implied warranty against the manufacturer and the inapplicability of disclaimer clauses to such suits, see Manheim v. Ford Motor Co., Fla. 1967, 201 So.2d 440; Barfield v. Atlantic Coast Line Railroad Co., Fla.App. 1967, 197 So.2d 545; Bernstein v. Lily-Tulip Cup Corp., Fla.App. 1965, 177 So.2d 362, aff'd, Fla. 1966, 181 So.2d 641; and Ford Motor Co. v. Pittman, Fla.App. 1969, 227 So.2d 246; Crown v. Cecil Holland Ford, Inc., Fla.App. 1968, 207 So.2d 67, the precedent of a past decade or even of a past year is at times of less value than in other areas of law. Cognizant of this situation, we turn to an examination of Florida cases bearing on the issue certified to this court.
As stated in the certificate of the question in the instant case to this court, there is no direct controlling precedent. We agree. Yet when examining decisions that may shed some light on the problem, it must be remembered that the question is not whether a cause based on implied warranty by a consumer against a manufacturer *377 is ex contractu or ex delicto. It is whether such an action is specifically provided for by Fla. Stat. § 95.11(5) (e), 1967, F.S.A. See Section 95.11(4). Characterization of a cause of action as ex contractu or ex delicto does not aid in a determination of this issue, as such a dichotomization excludes the existence of a third category, neither tortious nor contractual in nature. Cf. McLeod v. W.S. Merrell Co., Fla. 1965, 174 So.2d 736, 739, summarizing Green v. American Tobacco Co., Fla. 1963, 154 So.2d 169, as a case applying a rule of absolute or strict liability.
Whiteley v. Webb's City, Inc., Fla. 1951, 55 So.2d 730, cited by defendant for the proposition that breach of implied warranty is ex contractu, is inapposite under the facts sub judice, for it deals with a suit against a retailer rather than a manufacturer. In such a situation different principles of law apply. For example, privity is still required in such suits, Carter v. Hector Supply Co., Fla. 1961, 128 So.2d 390, and the potential applicability of the Uniform Commercial Code, Fla. Stat. § 672.2-316, 1967, to such transactions may allow implied warranty to be excluded by contract. Cf. Ford Motor Co. v. Pittman, Fla.App. 1969, 227 So.2d 246; Desandolo v. F & C Tractor and Equipment Co., Fla. App. 1968, 211 So.2d 576. To the extent Public Administrator of New York County v. Curtiss-Wright Corp., S.D.N.Y. 1963, 224 F. Supp. 236, is contrary to this analysis we decline to follow it. The court's decision relied solely on Whiteley, and cases arising since it was decided have undermined the rationale of applying it to the facts there presented. See Manheim v. Ford Motor Co., Fla. 1967, 201 So.2d 440; Ford Motor Co. v. Pittman, Fla.App. 1969, 227 So.2d 246; Lily-Tulip Cup Corp. v. Bernstein, Fla. 1966, 181 So.2d 641, aff'd, Bernstein v. Lily-Tulip Cup Corp., Fla.App. 1965, 177 So.2d 362. The same considerations apply to Latimer v. Sears Roebuck & Co., 5th Cir.1960, 285 F.2d 152 and Carter v. Hector Supply Co., Fla. 1961, 128 So.2d 390. Green v. American Tobacco Co., Fla. 1963, 154 So.2d 169, 172, cites Prosser on Warranty, 27 Minn.L.Rev. 117-168, for the proposition that the warranty of merchantable quality is a matter of contract. However, Dean Prosser was referring there to the relationship between a dealer and a buyer, not a manufacturer and consumer. Thus this case is also inapplicable to the facts surrounding the issue certified to this court.
Hopkins v. Lockheed Aircraft Corp., Fla. 1967, 201 So.2d 743, on rehearing, 201 So.2d 743, does not contravene this analysis, for that case stands for the proposition that choice of law doctrines applicable to tort actions may be inappropriate in proceedings based on implied warranty. Since implied warranty as applied to consumer suits against a manufacturer is generally recognized to be a concept based neither on fault nor failure to exercise reasonable care, see 2 Frumer & Friedman, Products Liability, 1968, § 16.01[1], it is not "tortious" in the traditional sense of that word. However, this does not mean that it is contractual. When a manufacturer cannot absolve himself of liability in implied warranty through contract; when no privity is required for the ultimate consumer or user of a manufacturer's product to bring suit against him; and when the provision of the Uniform Commercial Code pertaining to exclusion or modification of warranties is held to be inapplicable to such suits, it would take a large measure of imagination to find such an action to be contractual in nature. See Prosser, Torts, 3d ed. § 97, pp. 678-681.
For the foregoing reasons we are unable to see how consumer actions against a manufacturer based on implied warranty come within the specific[3] provisions of Fla. Stat. § 95.11(5) (e), 1967, F.S.A. a section which has traditionally been applied to actions clearly contractual in nature, and which has only been inferentially applied by the courts of this state to those actions in implied warranty retaining *378 some semblance of a contractual nature  suits by a buyer against an immediate vendor. Therefore, in answer to the question certified to this court, we hold that the cause of action ordered to be reinstated by our decision in Barfield v. Atlantic Coast Line Railroad Co., Fla.App. 1967, 197 So.2d 545, is governed by the four year statute of limitations set forth in Fla. Stat. § 95.11 (4), 1967, F.S.A.
MANN and McNULTY, JJ., concur.
NOTES
[1] Ehrenzweig, Products Liability in the Conflict of Laws  Toward a Theory of Enterprise Liability under "Foreseeable and Insurable Laws," 1960, 69 Yale L.J. 794. See Royal v. Black & Decker Mfg. Co., Fla.App. 1967, 205 So.2d 307, 308-309, for a historical treatment of implied warranty.
[2] 1 Frumer & Friedman, Products Liability, 1968, § 1.
[3] See Fla. Stat. § 95.11(4), 1967, F.S.A.