438 F.2d 125
 Carmelita EASTBURN, a minor by her mother and next friend,
Ida Louise Eastburn and Ida Louise Eastburn,
Individually, Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY, a corporation, Defendant-Appellee.
 No. 29865.
 United States Court of Appeals, Fifth Circuit.
 Feb. 3, 1971.
 
 Joseph L. Thury, Paul Antinori, Jr., Tampa, Fla., for plaintiffs-appellants.
 T. Paine Kelly, Jr., Ted R. Manry, III, Tampa, Fla., for defendant-appellee.
 Before JOHN R. BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit judges.
 JOHN. R. BROWN, Chief Judge:
 
 
 1
 The Florida question in this diversity case is whether the applicable statute of limitations in a products liability case is the three-year statute[1] for contract cases or is the four-year period for those cases not otherwise 'specifically provided for'.[2]
 
 
 2
 The District Judge apparently reasoned that Florida concepts of strict liability in consumer cases are related to warranties-- normally a branch of contracts-- and held for the three-year period (note 1, supra) as is required in a 'contract case.' We reverse because we are Erie-bound by a Florida case that now carries the full voice of the Florida Supreme Court.
 
 
 3
 The facts can be severely capsulated. In November 1965 Appellant purchased a new Lincoln-Continental automobile from Wade Motors, Inc., a Ford Motor Company dealer in Westifield, New Jersey. Appellant proceeded to drive from New Jersey to Kentucky to Bradenton, Florida. Both before and during the trip Appellant complained that on odor, which laboratory tests later showed to be gasoline, was coming into the passenger compartment of the car causing Appellant and her child sickness and nausea. In February 1966 she discontinued use of the car and shortly thereafter returned the vehicle to a dealer. This suit was not filed until January 1969 more than three but less than four years after appellant had first experienced the odor.[3]
 
 
 4
 In Barfield v. United States Rubber Company, Fla.Dist.Ct. of App.1970, 234 So.2d 374, an intermediate appellate Court of Florida held that a cause of action by the ultimate consumer against a manufacturer with whom the consumer has no privity was not the kind of obligation toward which the 'contract' statute (note 1, supra) was directed.[4] In September 1970 the Supreme Court of Florida denied certiorari in Barfield. 239 So.2d 828.
 
 
 5
 Unlike a denial of certiorari by the United States Supreme Court, such a denial by the Supreme Court of Florida is the equivalent of that Court's affirming the merits of the decision below. See United States v. Seckinger, 5 Cir., 1969, 408 F.2d 146, 150, note 10, rev'd on other grounds, 1970, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224; Miami Parts and Spring, Inc. v. Champion Spark Plug Co., 5 Cir., 1966, 364 F.2d 957, 965-67, and the Florida cases there cited.
 
 
 6
 That is the answer for us as it must be for the District Court, whose divination of Florida law turned out to be wrong.
 
 
 7
 Reversed.
 
 
 
 [1]
 Fla.Stat. Section 95.11(5)(e), 1967, F.S.A. reads as follows:
 'Actions other than those for recovery of real property can only be commenced as follows:
 '(5) Within three years.-- * * * (e) And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and deliveredAnd on store accounts.'
 
 
 [2]
 Fla.Stat. Section 95.11(4), 1967, F.S.A. reads as follows:
 '(4) Within four years.-- Any action for relief not specifically provided for in this chapter.'
 
 
 [3]
 Because of our disposition we need not pass upon Appellant's alternative contention that even if the three-year statute of limitations is found to be applicable, then the suit is still not barred because she did not have knowledge of the defect until a time less than three years from the date of the filing of the suit
 
 
 [4]
 The District Court of Appeals acknowledged that 'there is no direct controlling precedent.' 234 So.2d at 376. Appellee challenges this by saying that Creviston v. General Motors Corp., Ela.1969, 225 So.2d 331, a warranty suit by a consumer against a non-seller-manufacturer, intimates that the three-year statute is the one to use in such an instance. But Creviston is concerned not with what limitation to use but only with when the limitation begins to run. Creviston adopted the three year statute only as an arguendo assumption for purposes of deciding if the statute had started to run on the date of the sale or on the date when the defect reasonably should have been discovered. 225 So.2d at 332, n. 1