PER CURIAM.
We reverse the trial court judgment which dismissed what was in fact the fourth complaint filed by the plaintiff. While we agree that the complaint was in-artful, far from being a model, and certainly borderline as to legal sufficiency, we feel from our review of the cases and criteria contained therein [1] that the complaint was at least adequate at this stage to state a cause of action in breach of warranty. The action was brought against a retailer by an injured person not in privity, based upon the notion that the injury was caused by a dangerous instrumentality.[2]
We specifically do not here determine whether or not the exploding patio torch in question was a dangerous instrumentality. We only hold that the trial court decision as to this concern was premature and that *249 such determination, at least in this uncertain instance, should be made only after plaintiff has had an opportunity to adduce evidence as to the construction and dangers of this particular device.
Reversed and remanded.
REED, C. J., and WALDEN and MA-GER, JJ., concur.
PER CURIAM.
UPON MOTION FOR CLARIFICATION
This motion being well founded, we supplement our opinion which was filed on November 19, 1971, by saying that appellants’ complaint stated a cause of action in each of its four counts.
REED, C. J., and WALDEN and MA-GER, JJ., concur.

. Recent cases have held all a complaint need do is to acquaint defendant with the charges so that he may intelligently answer same. Cohn v. Florida-Georgia Television Company, Inc., Fla.App.1969, 218 So.2d 787, and Fontainbleau Hotel Corp. v. Walters, Fla.1971, 246 So.2d 563. See also Pizzi v. Central Bank and Trust Company, Fla.1971, 250 So.2d 895, where the test used to determine sufficiency of the complaint was “if the factual allegations of the complaint are established * * *, plaintiff will be * * * entitled to the claimed relief against the defendant.”

. Toombs v. Fort Pierce Gas Company, Fla.1968, 208 So.2d 615.