271 So.2d 204 (1973)
Ronald MARRILLIA, Appellant,
v.
LYN CRAFT BOAT COMPANY, a Florida Corporation, and St. Pete Boat Mart, Inc., a Florida Corporation, Appellees.
No. 71-737.
District Court of Appeal of Florida, Second District.
January 5, 1973.
*205 Hammond & Holman, Pinellas Park, for appellant.
Billy L. Rowe, of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellee, Lyn Craft Boat Co.
Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for appellee, St. Pete Boat Mart, Inc.
HOBSON, Acting Chief Judge.
Appellant appeals a final judgment dismissing his complaint against the appellees which was couched in four counts, each count against both appellees; however, upon examination of the four counts the complaint actually alleges two theories of recovery, one under negligence and the other under implied warranty.
Appellant alleged that appellee Lyn Craft Boat Company, hereinafter referred to as Lyn Craft, was the manufacturer of a certain boat and its accessories, specifically the steering cable. He also alleged that appellee, St. Pete Boat Mart, Inc., hereinafter referred to as Boat Mart, was the retail dealer who sold the boat.
As to the factual allegations, the complaint alleged that on February 23, 1969 one John and Mary Keough purchased from Boat Mart one Seabreeze boat manufactured by Lyn Craft. On October 31, 1970 the appellant was a guest passenger in the boat, at which time the steering cable broke, causing the boat to veer suddenly throwing appellant from the boat and into the water. Appellant was struck by the propeller of the outboard motor and suffered severe injuries and damages.
The complaint alleged the negligent acts of the defendants to be: 1) the failure to design or construct the steering cable so that it would not break when used for its intended purpose; 2) failure to adequately test and inspect the steering cable; 3) failure to warn the intended users of the dangers inherent in the use of the steering cable, *206 including directions for its use, warnings concerning any limitations or restrictions upon its use and warnings concerning the use in the manner in which it was installed; and 4) failure to properly install the steering mechanism which the appellees, knew, or in the exercise of reasonable care should have known, was of insufficient strength, improper design, or improper construction.
As to the breach of implied warranty counts, the appellant alleged that the appellees impliedly warranted that said steering mechanism was merchantable and reasonably fit for its intended use; that at the time of the occurrence the steering mechanism was being used for its intended purpose; and that unknown to the appellant the steering mechanism was not merchantable or reasonably fit for its intended use, as a result of which the same broke and caused appellant's injuries.
The trial court ruled as a matter of law that the complaint failed to state a cause of action because the accident was too remote from the purchase of the boat to establish liability upon the appellees under either theory.
We first consider the allegations of the complaint as to the negligence of appellee Boat Mart. It was held in Carter v. Hector Supply Co., Fla. 1961, 128 So.2d 390, that a retailer could be held liable to a third party in a negligence action only if a retailer could have been charged with actual or implied knowledge of a defect. Although the complaint was inartfully drawn, we feel that, at this stage of the proceedings, it is at least adequate to withstand a motion to dismiss the negligence count against Boat Mart. As to the allegations of negligence on the part of Lyn Craft, we hold that the complaint is sufficient to state a cause of action.
The mere lapse of time between the purchase of the boat and the accident, although a relevant factor to be considered, is not sufficient of itself to foreclose liability as a matter of law.
Considering now the complaint as to its allegations of breach of implied warranty on the part of Boat Mart, it is well settled that "one who is not in privity with a retailer has no action against him for breach of an implied warranty, except in situations involving foodstuffs or perhaps dangerous instrumentalities." Carter, supra.
Appellant attempts in his argument (although not alleged in the complaint) to classify a boat as a dangerous instrumentality under Florida Statute 371.52 (1971), F.S.A. This statute was in effect at the time of the accident and provides:
"All boats, of whatever classification, shall be considered dangerous instrumentalities in this state and any operator of such boats shall, during any utilization of said boats, exercise the highest degree of care in order to prevent injuries to others. Liability for negligent operation of a boat shall be confined to the person in immediate charge or operating the boat and not the owner of the boat, unless he is the operator or present in the boat when any injury or damage is occasioned by the negligent operation of such vessel, whether such negligence consists of a violation of the provisions of the statutes of this state, or negligence in observing such care and such operation as the rules of the common law require."
It is apparent from the mere reading of the statute that its purpose is to fix the degree of care to be utilized in the operation of a boat to prevent injuries to others. It also proscribes those persons liable for the negligent operation of a boat.
The trial court held that the above statute "* * * must be a mistake because there is no definition of boats, only motor boats, (sic) and the court feels this must be a mistake and that this would include all boats  rowboats, sailboats, and all other boats." This interpretation by the trial court we feel is correct; however, a boat *207 put on the waterways with high-powered engines certainly could become a dangerous instrumentality.
From the allegations of this complaint we are unable to determine whether or not the boat in question at the time of the accident was a dangerous instrumentality. Therefore, in all fairness to the appellant, we will allow him to amend his complaint as to such allegations so that upon remand the trial court can determine whether or not at the time in question the boat involved was a dangerous instrumentality.
If the boat was a dangerous instrumentality, it would come within the exception wherein privity is not required to maintain a breach of implied warranty against the retailer, Boat Mart.
As to the allegations of breach of implied warranty against Lyn Craft, we hold that the complaint, although barely legally sufficient, does state a cause of action.
It was held in Bernstein v. Lily-Tulip Cup Corporation, Fla.App. 1965, 177 So.2d 362 that "privity no longer obtains in an implied warranty suit by a consumer against a manufacturer."
Appellee Lyn Craft relies on the remoteness of time between the manufacture of the boat and the date of the accident to foreclose liability against it as a matter of law. This question was answered in King v. Douglas Aircraft Co., Fla.App. 1963, 159 So.2d 108 wherein it was held on page 111:
"Appellee argues that it is relieved of liability because the engine in question had been transferred from another Douglas aircraft and had, in fact, been safely used for 3,000 hours. We hold that these facts, by themselves, were insufficient to foreclose liability as a matter of law but are factors for jury consideration."
For the foregoing reasons the judgment of the lower court is reversed and remanded.
McNULTY, J., and PIERCE, J. (Ret.), concur.