PIERCE, WILLIAM C., Associate Judge.
Snead Construction Corporation, plaintiff in the trial court, appeals an adverse order of dismissal with prejudice of its third amended complaint for failure to state a cause of action against the defendants who are Parkway East, Inc., J. T. Stewart Mortgage Company, Inc., and Abe Schiff, Robert L. Frank, John W. Roberts, Jr., Jack H. Stein, individually, and as directors and trustees of Parkway East, Inc.
Snead filed a lengthy complaint against the named defendants, alleging that Snead constructed a 100-unit apartment complex for defendant, Parkway East, Inc., for a basic contract price of $1,100,400; that during construction extra expenses were incurred at the request or with the authorization of, the defendants; that Snead signed an FHA cost certification with the understanding that the defendants would pay the balance owing on the construction contract, but that it was never paid; that defendant Stewart Mortgage Company negligently released the final loan funds to Parkway knowing that there was a dispute over these funds; that Frank, with intent to defraud, embezzled the funds in conspiracy with Roberts and Stein; that, in fact, these three paid themselves with the money and left Snead’s claim unsatisfied. Actual and punitive damages were sought.
Following Snead’s filing of a third amended complaint, the trial court dismissed with prejudice the claims against all defendants except Stein and Parkway East, Inc. As to these defendants, Snead was given leave to amend a fourth time, but with strict conditions :
“Said amended complaint shall be allegations as to all acts that took place prior to the 27th day of July, 1972, and such complaint shall be required to set forth with explicit and specific language that the Plaintiff corporation had performed any and all requisite conditions precedent; to show that the Plaintiff corporation was ready, willing, able and had complied with all the rules and regulations of the FHA and of the closing documentation, and that Plaintiff did perform according to such conditions; *208 that in the absence of performance, the Plaintiff did notify each and every party of its failure or refusal to perform; that said failure and refusal relieved the Plaintiff corporation from executing any and all papers required of it at the time of closing.”
Snead refused to amend under these conditions, whereupon final judgment was entered in favor of" the defendants and this appeal ensued.
Snead contends, and we agree, that the trial judge erred in dismissing the third amended complaint and imposing the above requirements if it chose to amend a fourth time. The complaint, even if inartfully drawn, contains facts sufficient to indicate that a cause of action exists. Rule 1.-110(b), RCP, states that a complaint shall contain
“(1) a short and plain statement of the grounds upon which the court’s jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief.
Since we find the plaintiff’s claims to be well pled, they should not have been dismissed. See Keller v. Eagle Army-Navy Department Stores, Inc., Fla.App. 1972, 256 So.2d 248; also see Hammonds v. Buckeye Cellulose Corporation, Fla.1973, 285 So.2d 7. It is to be noted that this decision deals only with pleadings and is not to be construed as a disposition on the merits.
Reversed and remanded with directions to reinstate the complaint as against all defendants.
Reversed.