HOBSON, Judge.
This appeal is from a final judgment dismissing the complaint of appellant. The complaint was in four counts against the appellee who is the retailer of the product which is alleged to be inherently dangerous. The first count alleges that the ap-pellee was negligent in that it sold the inherently dangerous fabric while in a defective and dangerous condition. The second count realleges the same matter but in addition thereto alleges the appellee was negligent in failing to warn the appellant of the dangerous and defective characteristics of the product. This count states the derivative claim of the mother. The third count alleged a breach of implied warranty of fitness of the product and alleges it to be a dangerous instrumentality. The fourth count alleges the same matter but states the derivative claim of the mother.
The allegedly dangerous product was a certain piece of fabric which was used as a kitchen drapery and that when the minor child was attempting to put some hot paraffin wax in the sink, the drapery exploded and burst into flames, severely injuring the minor.
There is no question but what the injured minor was not in privity with the ap-pellee. The ground upon which the trial court dismissed the complaint was stated by the court to be that it was not shown that the injured minor was in privity with the appellee.
All four counts of the complaint are based upon the premise that the fabric involved was in fact a dangerous instrumentality and that the appellant should prevail on both the breach of implied warranty and upon the negligence of the appellee even though appellant was not in privity with the appellee retailer.
It is well settled that one need not be in privity with the retailer in order to have an action against him for breach of an implied warranty if the plaintiff can prove that the product in question is inherently dangerous. Toombs v. Fort Pierce Gas Company, Fla.1968, 208 So.2d 615; Keller v. Eagle Army-Navy Department Stores, Inc., Fla.App.4th 1971, 256 So.2d 248 and Keller v. Eagle Army-Navy Department Stores, Inc., Fla.App.4th 1974, 291 So.2d 58.
Although the complaint could have been more artfully drawn, it was at least adequate to state a cause of action for breach of implied warranty and for negligence on the part of the appellee. Keller, supra; Keller, supra.
At this stage of the case we must take all of the well-pled allegations of the complaint as being true and our holding herein is only based on the fact that the trial court’s dismissal of the complaint was premature. The appellant should have the opportunity to adduce evidence as to whether or not the material involved was in fact a dangerous instrumentality.
For the foregoing reasons the final judgment is reversed and the cause remanded.
McNULTY, C. J., and BOARDMAN, J., concur.