WALDEN, Chief Judge
(dissenting):
Plaintiffs appeal from a judgment dismissing their complaint with prejudice. I would reverse.
The guidelines for determining whether a complaint states a cause of action are certainly well known and will not be repeated. Poulos v. Vordemeier, 327 So.2d 245 (4th DCA Fla.1976).
The complaint was in eight counts, containing forty-one numbered paragraphs, covering twelve pages.
The minor plaintiff was working upon a twenty year old tractor manufactured and sold by Defendant, Ford. The basic facts were correctly distilled in plaintiffs’ brief:
“The tractor was designed with its gasoline tank in the cowl of the tractor, which cowl was customarily removed when extended repairs or other work was performed on the tractor’s engine. Plaintiff, Roy Alfred Hunt, was making adjustments to the engine when it was running; which, with the cowl and gasoline tank removed, required that he use an alternate gasoline supply. This supply was in a gallon can resting on the air breather of the engine with a flexible rubber tube running from the can to the tractor’s carburetor. In the process of this work, Plaintiff, Roy Alfred Hunt’s, employer overturned the can of gasoline which ignited and severely burned Plaintiff, Roy Alfred Hunt.
“Plaintiffs alleged that Ford was generally negligent in the design of the tractor, negligent in failing to warn members of the public of the potential danger in using an alternate gasoline supply such as the one employed here, in failing to market a ‘kit’ to provide a safe alternate gasoline supply for repairs of the type being performed at the time of the accident, and in creating and marketing an inherently dangerous design where alternate safe designs were readily available.” (Record references omitted.)
In my opinion a cause of action can be gleaned at least upon the issues of negligence and breach of warranty. I would reverse with instructions to reinstate the complaint. Favors v. Firestone Tire & Rubber Company, 309 So.2d 69 (4th DCA Fla.1975); Marrillia v. Lyn Craft Boat Company, 271 So.2d 204 (2d DCA Fla.1973); Keller v. Eagle Army-Navy Department Stores, Inc., 256 So.2d 248 (4th DCA Fla.1971); Noonan v. Buick Company, 211 So.2d 54 (3rd DCA Fla.1968).
I do, therefore, dissent.