HUBBART, Judge
(dissenting).
I would reverse the summary judgment for the defendant retailer in this products liability action and remand for further proceedings. In my view, a triable issue is presented on this record as to whether the defendant retailer was guilty of negligence in selling a used rubber heating machine which lacked a highly sensitive knee safety device to instantly stop the machine in case of an emergency — which alleged defect caused foreseeable injuries to the plaintiff, a workman, whose hand was tragically crushed in the machine while operating it. Although the machine did have an overhead hand-operated safety device, it was not conveniently located or accessible to a workman whose hand or hands might become caught in the machine while operating it in a sitting position — as opposed to the knee-operated safety device which a seated workman, as here, could easily touch in case of an emergency and shut .off the machine. Indeed, the machine in this case was, in fact, originally manufactured with a knee-safety device on it. The defendant retailer was in the business of selling such machines and should have known that a machine without such a safety device was unsafe. Accordingly, a summary judgment for the defendant retailer was singularly inappropriate. See Carter v. Hector Supply Co., 128 So.2d 390, 392 (Fla.1961); Marrillia v. Lyn Craft Boat Co., 271 So.2d 204, 206 (Fla. 2d DCA 1973); see also Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977).